Susan S. Ford, OSB No. 842203
Thomas W. Stilley, OSB No. 883167
Joshua G. Flood, OSB No. 223085
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: sford@sussmanshank.com
tstilley@sussmanshank.com
jflood@sussmanshank.com

Proposed Attorneys for Debtor and Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Local 8, International Longshoremen's and Warehousemen's Union,<br><br>Debtor. | Case No. 23-32366-pcm11<br><br>DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES<br><br>**EXPEDITED HEARING REQUESTED** |

Local 8, International Longshoremen's and Warehousemen's Union ("Local 8" or "Debtor"), moves the Court for an order determining adequate assurance of payment to utility companies, and in support thereof represents as follows:

1. On October 18, 2023 (the "Petition Date"), Local 8 filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Code"). Debtor continues in possession of its property and management of its operations as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Code.

2. This Court has jurisdiction over this case under 28 USC §§ 157 and 1334. Venue of this case is properly in this district under 28 USC §§ 1408. This matter is a core proceeding under 28 USC § 157(b), and § 366(b) of the Bankruptcy Code.

3. Debtor obtains electricity, natural gas, and other similar services (collectively, the "Utility Services") from various utility companies (the "Utility Companies"). A list of

**Page 1 of 3** – DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

substantially all of the Utility Companies providing service to the Debtor is attached as Exhibit A hereto. The Utility Services are essential to the Debtor's operations. Declaration of Troy Mosteller ("Mosteller Decl.") which is filed in support of this Motion and other First Day Motions, ¶ 21. The relief requested in this Motion is requested for all of the Debtor's Utility Companies providing Utility Services to the Debtor, including, but not limited to, those listed on Exhibit A.

4. Pursuant to 11 USC § 366(c)(2), a utility company may not alter, refuse, or discontinue utility service to, or discriminate against, a debtor if within 20 days after the Petition Date the utility receives adequate assurance of payment for post-petition utility service, in the form of a deposit or other security. Debtor seeks an order determining the appropriate form of adequate assurance of future performance and thereby prohibiting any Utility Company from altering, refusing, or discontinuing service to the Debtor absent further court order.

5. Debtor proposes to provide adequate assurance of future payment in the form of a one-month cash deposit by the Debtor to each Utility Company that requests such a deposit. Mosteller Decl., ¶ 22. The deposits made on the request of each Utility Company shall be deemed to be adequate assurance of payment for purposes of 11 USC § 366 without prejudice to the Utility Company's right to seek additional or alternative assurance of payment upon further request of the Court. The Debtor requests that any Utility Company seeking additional or alternative forms of adequate assurance be prohibited from altering, refusing, or discontinuing Utility Services pending further order of this Court.

6. It is essential that utility services continue uninterrupted. If the Utility Companies are permitted to terminate utility services, the Debtor will be unable to continue its operations, which are essential for its reorganization. Mosteller Decl., ¶ 21.

7. The proposed method of furnishing adequate assurance of payment for post-petition utility services is consistent with the intent of Sections 366 and 105(a) of the Bankruptcy Code, is not prejudicial to the rights of the Utility Companies, provides the Utility Companies

**Page 2 of 3** – DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

with adequate safeguards to protect them from any unreasonable risk of non-payment for post-petition services, and is in the best interest of the estate and parties-in-interest.

8. In determining adequate assurance, the Court is not required to give the Utility Companies the equivalent of a guarantee of payment, but must only determine the utility is not subject to an unreasonable risk of nonpayment for post-petition services. *See In re Caldor, Inc. – NY*, 199 B.R. 1 (Bankr. S.D.N.Y. 1996); *In re Santa Clara Circuits West, Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982); and *In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980).

9. Debtor has provided notice of this motion to each of the affected utilities, the Office of the United States Trustee, the 20 largest unsecured creditors, and counsel for ICTSI Oregon, Inc.. Further notice is impracticable under the circumstances. Debtor submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given in the circumstances.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief sought herein and such other and further relief as the Court may deem proper. A copy of a proposed Order Determining Adequate Assurance of Payment to Utility Companies (the "Order") is attached hereto as Exhibit B.

Dated this 19th day of October, 2023.

SUSSMAN SHANK LLP

By */s/ Susan S. Ford*
Susan S. Ford, OSB No. 842203
Thomas W. Stilley, OSB No. 883167
Joshua G. Flood, OSB No. 223085
Proposed Attorneys for Debtor and
Debtor-in-Possession

26933-002 (04336324)

Page 3 of 3 – DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

# Exhibit A

| UTILITIES: | Proposed Deposit: (If Requested) |
|---|---|
| Arrow Sanitary Service | $450.00 |
| AT&T | $200.00 |
| City of Portland, Portland Water Bureau | $1,300.00 |
| Comcast Business | $1,125.00 |
| Comcast Cable | $600.00 |
| NW Natural Gas | $500.00 |
| Portland General Electric | $2,000.00 |
| Servicemaster | $4,106.00 |

|  |  |  |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | ) | Case No. 23-32366-pcm11 |
|---|---|---|
| Local 8, International Longshoremen's and Warehousemen's Union, | ) ) ) | ORDER APPROVING DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES |
| Debtor. | ) ) ) ) ) | |

This motion came before the Court on the Debtor's Motion for Order Determining Adequate Assurance of Payment to Utility Companies [Docket No. __] (the "Motion"), filed on October 18, 2023. Based on the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, and all pleadings and evidence of record in this case:

THE COURT FINDS:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this proceeding is core pursuant to 28 U.S.C. § 157(b)(2);

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409;

3. Notice of the Motion was proper and appropriate;

4. The relief requested in the Motion is in the best interest of the Debtor and its

**Page 1 of 3** – ORDER APPROVING DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

Exhibit B
Page 1 of 3

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

estate and is warranted under the circumstances;

5. A one-month cash deposit offered to each of the Utility Companies[1] is sufficient to provide each of the Utility Companies with adequate assurance of payment of post-petition utility services to be provided to the Debtor; and

6. Each of the Utility Companies listed on Exhibit A to the Motion should not be permitted to alter, refuse, or discontinue utility service to the Debtor without seeking a modification of the deposit or other security offered and further order of this Court.

It is, therefore, ORDERED:

1. The Motion is GRANTED;

2. The Utility Companies are enjoined from altering, refusing to provide, or discontinuing utility services to the Debtor, from discriminating against the Debtor, and from requiring the payment of an additional deposit or other security from the Debtor other than the amount set forth on Exhibit 1 of this Order;

3. Nothing contained in this order, however, shall prevent any of the Utility Companies from at any time seeking a further order from this Court requiring a modification or additional adequate assurance of payment for post-petition utility services;

4. Notwithstanding Federal Rule of Bankruptcy Procedure 6004(h), the terms and conditions of this Order are effective immediately and it is enforceable upon entry;

5. The Debtor is authorized all actions necessary to effectuate the relief granted in this Order; and

//
//
//
//
//

---

[1] Capitalized terms shall have the meanings ascribed to the in the Motion.

**Page 2 of 3** – ORDER APPROVING DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

Exhibit B
Page 2 of 3

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

PRESENTED BY:

SUSSMAN SHANK LLP

_____
Susan S. Ford, OSB No. 842203
Thomas W. Stilley, OSB No. 883167
Joshua G. Flood, OSB No. 223085
sford@sussmanshank.com
tstilley@sussmanshank.com
jflood@sussmanshank.com
 Proposed Attorneys for Debtors and Debtors-in-Possession

26933-002 (04335437)

26933-002 (04335437)

**Page 3 of 3** – ORDER APPROVING DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

Exhibit B
Page 3 of 3

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

Susan S. Ford, OSB No. 842203
Thomas W. Stilley, OSB No. 883167
Joshua G. Flood, OSB No. 223085
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: sford@sussmanshank.com
tstilley@sussmanshank.com
jflood@sussmanshank.com

Attorneys for Debtor and Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 23-32366-pcm11 |
| Local 8, International Longshoremen's and Warehousemen's Union, | DECLARATION OF TROY MOSTELLER IN SUPPORT OF FIRST DAY MOTIONS |
| Debtor. | |

I, Troy Mosteller, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtor. I am the Secretary-Treasurer of the Debtor. I make this declaration based on my own personal knowledge, except as otherwise stated. If called upon, I would testify competently to the facts set forth herein.

2. I submit this declaration in support of: (A) Debtor's Motion for Order Determining Adequate Assurance of Payment to Utility Companies; (B) Debtor's Motion for Entry of Order Authorizing Continued Use of Debtor's Cash Management System; and (C) Debtor's Motion for Authorization to Pay Prepetition Payroll Expenses and Related Taxes, Continue Payroll Accounts,

**Page 1 of 5** - DECLARATION OF TROY MOSTELLER IN SUPPORT OF FIRST DAY MOTIONS

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

and Granting Related Relief (together, the "First Day Motions"). I also submit this Declaration to explain events affecting Local 8, which resulted in its decision to file for reorganization under the United States Bankruptcy Code.

3. I am familiar with the First Day Motions and believe that the relief requested in each is necessary to enable the Debtor to operate with minimal disruption and critical to enable the Debtor to continue to operate in the ordinary course of business. The relief requested in the First Day Motions is in the best interest of the Debtor's estate and its creditors.

A. **Background Facts**.

4. On October 18, 2023 (the "Petition Date"), Local 8, International Longshoremen's and Warehousemen's Union ("Local 8" or "Debtor") filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. Local 8 continues to operate its business and manage its property as a debtor in possession.

5. Prior to the filing, on October 11, 2023, Local 8 held a meeting of its membership. A quorum of members was in attendance. I was present for the meeting. The membership authorized filing bankruptcy by vote, acting upon the unanimous recommendations of Local 8's Board of Trustees and Executive Board. The vote authorized me, as the Secretary-Treasurer to work with bankruptcy counsel to file for and pursue reorganization under Chapter 11 of the United States Bankruptcy Code, including pursuant to Subchapter V.

6. Local 8 is an independent labor union organized as an unincorporated association. It has approximately 280 members who are primarily workers engaged in the movement of waterborne commerce within the jurisdiction of Local 8. Members of Local 8 are employed by companies that require loading and unloading of vessels at the Port of Portland. Local 8 negotiates the labor conditions for those activities, both for its members, and for non-member workers performing similar work loading and unloading vessels, with the goal of securing the best possible pay and working conditions for the people who keep goods flowing through the area and supporting its economy.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

**B. Local 8's Current Financial Condition.**

7. Local 8 has no secured debts and no person or entity has a security interest in Local 8's cash or bank accounts. Local 8's only material asset is its cash on hand, generated from dues paid by members, from bargaining unit non-members, and from rents under sub-leases, which as of the petition date totaled approximately $270,821.57.

8. Local 8's ordinary and necessary expenses primarily relate to its operations and services to its membership and bargaining unit non-members. Local 8 believes it is substantially current on accounts payable other than sums demanded by ICTSI Oregon Inc. ("ICTSI").

9. Historically, the Debtor has been financially stable. However, in 2012, ICTSI sued Local 8 and the International Longshore and Warehouse Union in the U.S. District Court, District of Oregon, Case No. 3:12-cv-1058 (the "ICTSI Litigation") for alleged unlawful labor practices. In November 2019, a jury returned a verdict against Local 8 finding it 45% responsible for damages of approximately $94 million. On March 5, 2020, the court found the maximum damages supported by the evidence was $19,061,248, and asked ICTSI to decide whether it would accept that amount or proceed with a new trial. ICTSI rejected the reduced damages amount. A new trial on damages is scheduled to begin in late February 2024. At this time, the amount of damages remains unliquidated and disputed.

10. Local 8 is unable to pay the extremely large legal fees and expenses that will be required to continue the ICTSI litigation through a new damages trial and any related appeals. Further, any damages awarded to ITSCI would very likely exceed Local 8's ability to pay.

11. As a result, Local 8 has decided to commence this case under Subchapter V of Chapter 11 to orderly address the ICTSI litigation and any potential liability, continue to operate and serve its members.[1]

---

[1] The International Longshore and Warehouse Union, the international union organization to which Local 8 pays dues, but which does not own or control Local 8 and is wholly independent from Local 8, was also a defendant in the ICTSI Litigation. The International Longshore and Warehouse Union filed a Chapter 11 petition in the Northern District of California on

Page 3 of 5 - DECLARATION OF TROY MOSTELLER IN SUPPORT OF FIRST DAY MOTIONS

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

C.  **First Day Motions**

12. Local 8 has two salaried employees who provide office support, in addition to myself as the Secretary-Treasurer of the Local 8.  The Local 8 office employees are members of the OPEIU Local 11 union. Local 8 also employs an individual full-time as its business agent; three individuals for one day a week to perform labor relations work under the terms of its collective bargaining agreement with Pacific Maritime Association; and pays the president and a marshal a monthly salary equivalent to one day's wages per month.

13. Local 8 pays its employees once a week on Monday for work performed the week prior to the immediately preceding week. When paying employees, Local 8 also withholds money for local, state, and federal taxes and pays such taxes to the relevant tax authorities. Local 8 also provides or funds various employee benefits and employees accrue paid time off during each pay period. Local 8 seeks permission to pay all such taxes related to payroll as well as employee benefits and any paid time off accrued.

14. Employees of Local 8 receive paper checks which need to clear before Local 8's current accounts can be closed.

15. As of the Petition Date, the Debtor believes that its prepetition employee wage and salary obligations and benefits obligations are current. However, certain other forms of compensation (including sick pay, paid time off, and withholdings for benefit plan contributions) related to services provided prepetition have not yet been paid because such benefits have not yet become payable, but will become payable in the ordinary course of business.

16. Based on a review of Local 8's books and records, no employee's prepetition wages and benefits exceed the statutory priority limit of $15,150.

17. If Local 8 is unable to pay its employees, they will suffer significant hardship, including the inability to pay personal living expenses. Employees are likely to leave Local 8 if

---

September 30, 2023, Case No. 23-30662. It remains pending, and automatically stayed the ITSCI Litigation as to the International Longshore and Warehouse Union.

**Page 4 of 5** - DECLARATION OF TROY MOSTELLER IN SUPPORT OF FIRST DAY MOTIONS

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

they are not paid and significantly disrupt Local 8's ability to operate and negatively affect the value of the estate.

18. Local 8 currently maintains five bank and credit union accounts: a general checking account at Bank of America holding $10,372.56 and four accounts held at the Portland Local 8 Federal Credit Union ("Local 8 FCU"). The total amount on deposit at the Local 8 FCU is $260,449,01.

19. Local 8 uses these accounts to make and receive payments, including payroll, and to earn interest on deposited funds.

20. Local 8 intends to reduce its balance held at Local 8 FCU to below the federal deposit insurance limit, but doing so immediately would disrupt Local 8's operations in the ordinary course of business and cause hardship for Local 8 and its employees.

21. Local 8 obtains electricity, natural gas, and other similar services from various utility companies. A list of substantially all of the utility companies providing service to Local 8 is attached as Exhibit A to the Debtor's Motion for Order Determining Adequate Assurance of Payment to Utility Companies. These utility services are essential to Local 8's continued operation. If utility service were cut off, Local 8 would be unable to continue its operations.

22. Local 8 proposes to provide adequate assurance of payment in the form of a one-month cash deposit by Local 8 to each utility company that requests such a deposit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of October, 2023.

By /s/ Troy Mosteller
Troy Mosteller, Secretary/Treasurer of Local 8, International Longshoremen's and Warehousemen's Union

26933-002 (04337674)

Page 5 of 5 - DECLARATION OF TROY MOSTELLER IN SUPPORT OF FIRST DAY MOTIONS

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 13    Filed 10/19/23

# CERTIFICATE OF SERVICE

I, Janine E. Hume declare as follows:

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

I certify that on October 19, 2023, I served, **via overnight courier or email**, a full and correct copy of the foregoing **DEBTOR'S MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES AND DECLARATION OF TROY MOSTELLER**, to the parties of record, addressed as follows:

**See attached service list.**

I also certify that on October 19, 2023, I served the above-referenced document(s) on all ECF participants as indicated on the Court's Cm/ECF system.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 19, 2023.

*/s/ Janine E. Hume*
_____
Janine E. Hume, Legal Assistant

26933-002 (04338663)

CERTIFICATE OF SERVICE - Page 1

**Service List:**

Internal Revenue Service
IRS
PO Box 7346
Philadelphia, PA 19101-7346

Oregon Attorney General
Department of Justice
1162 Court St NE
Salem, OR 97301

Oregon Dept of Revenue
ODR Bkcy
955 Center St NE
Salem, OR 97301-2555

Oregon Employment Department
875 Union Street NE
Salem OR 97311

SEC
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles CA 90071-9591

Michael T. Garone
Schwabe, Williamson & Wyatt
1211 SW 5th Ave Ste. 1900
Portland, OR 97204
mgarone@schwabe.com

**20 Largest Unsecured Creditors:**

Western States OPEIU Pension
C/O BeneSys, Inc.
Attn: Robin Skiff
PMB116 5331 SW Macadam Ave Ste 258
Portland, OR 97239
robin.skiff@benesys.com

Coast Longshore Division
Attn: Kristen Donovan
1188 Franklin Street
San Francisco, CA 94109
Kirsten.donovan@ilwu.org

Portland Joint Labor Relations Committee
Attn: Diana Liedtke
555 Market Street, 3rd Floor
San Francisco, CA 94105
Jplrc-ap@pmanet.org

I.L.W.U.
Attn: Lindsay R. Nicholas
1188 Franklin Street
San Francisco, CA 94109
Lindsay.nicholas@ilwu.org

Columbia River Pensioners Memorial Assoc.,
Attn: John Miken
2435 NW Front Ave
Portland, OR 97209
Lindsay.nicholas@ilwu.org

Peterson & Associates PS
Attn: Kate Peredo
PO Box 65009
Vancouver, WA 98665
kate@vancouvercpa.com

Pacific Maritime Association
Pay Directs
Attn: Craig E. Epperson
PO Box 740849
Los Angeles, CA 90074

Superior Underwriters
Attn: Roy Ranklin
2002 156th Ave NE, #201
Bellevue, WA 98007
sbslovic@gsusuperior.com

Johnson Controls Security System
Attn: John Donofrio
PO Box 371967
Pittsburg, PA 15250-7967

Oregon Mutual Group
Attn: James Workinger, Esq.
PO Box 3900
Portland, OR 97208-3900
customerservicecenter@ormutual.com

Local 11 Health Funds
PO Box 515199
Los Angeles, CA 90051-5199
Robin.skiff@benesys.com

Servicemaster
Attn: Samuel Okafor
PO Box 1213
Clackamas, OR 97015

Trotter Morton Facility Service
Attn: David Ryan
29755 SW Boones Ferry Road
Wilsonville, OR 00097-0770

American Bankers Insurance Company
Attn: Jay Rosenblum
PO Box 731178
Dallas, TX 75373-1178

Western State Employee Pension Fund
Attn: Elizabeth Guerrero
Unit 10, PO Box 4800
Portland, OR 97208-4800
Elizabeth.guerrero@benesys.com

Portland General Electric
Attn: Maria M. Pope
PO Box 4438
Portland, OR 97208-4438

City of Portland
Attn: Robert L. Taylor
PO Box 4216
Portland, OR 97208
cityattorneysoffice@portlandoregon.gov

Comcast Business
Attn: Thomas J. Reid
PO Box 376091
Philadelphia, PA 19101-0601
Business_referral_info@cable.comcast.com

Oregon Area District Council
Attn: Matthew Findley
2435 NW Front Ave
Portland, OR 97209
mfindley@gmail.com

SAIF Corporation
Attn: David A. Aamodt
400 High Street
Salem, OR 97312
saifinfo@saif.com

**Utilities**:

Arrow Sanitary Service
5455 NE 109th Ave
Portland, OR 97220

AT&T
208 S. Akard Street, Suite 2954,
Dallas, Texas 75202

City of Portland
Portland Water Bureau
1120 SW 5th Avenue, Suite 405
Portland, OR 97204
cityattorneysoffice@portlandoregon.gov

Comcast Business
Attn: Thomas J. Reid
1701 John F Kennedy Blvd, Suite C100,
Philadelphia, PA 19103
Business_referral_info@cable.comcast.com

Comcast Cable
Attn: Thomas J. Reid
1701 John F Kennedy Blvd, Suite C100,
Philadelphia, PA 19103

NW Natural Gas
250 SW Taylor St,
Portland, OR 97204

Portland General Electric
Attn: Maria M. Pope
121 SW Salmon St
Portland, OR 97204

Servicemaster
Attn: Samuel Okafor
1016 NE 61st Ave,
Portland, OR 97213