Lawrence R. Ream, admitted *pro hac vice*
Email: lream@schwabe.com
Daniel R. Kubitz, OSB #181381
Email: dkubitz@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Attorneys for ICTSI Oregon, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>LOCAL 8, INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION,<br><br>Debtor. | Chapter 11<br><br>No. 23-32366-pcm11<br><br>ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S FIRST DAY MOTIONS |

This is the response and reservation of rights of creditor ICTSI Oregon, Inc. ("**ICTSI**") to the "First Day Motions" [Dkt. 11–13] filed by the above captioned debtor ("**Debtor**" or "**Local 8**"). ICTSI is concurrently filing the Declaration of Michael Garone (the "Garone Declaration") in support of this response. Attached as exhibits to the Garone Declaration are the documents referenced in the footnotes below. Some of the exhibits are voluminous, but they are nevertheless provided as points of reference or background, and for the sake of completeness. ICTSI does not, however, intend to argue in a detailed manner from the exhibits at the time of the emergency hearing.

## **PRELIMINARY STATEMENT**

While the relief sought via the First Day Motions might be considered routine in a typical case, this case is anything but typical. Debtor is but one part of a larger organization, the legal

Page 1 of 6 - ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S FIRST DAY MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Case 23-32366-pcm11    Doc 28    Filed 10/23/23

and practical structure of which is opaque to ICTSI. As ICTSI understands it, the International Longshore and Warehouse Union ("**ILWU**") is comprised of many parts--indeed, more than ICTSI can presently itemize. But at a minimum, ILWU includes its Coast Longshore Division ("**CLD**")—which ICTSI understands pursues ILWU's interests in the longshore industry on the West Coast—and its Local 8, which is comprised of longshore workers in the Portland area. As relevant to debtor's filing here:

- This is not a typical subchapter V bankruptcy proceeding because of ICTSI's claim for tens of millions of dollars against Debtor, and there is a serious question regarding whether this bankruptcy filing is proper at all, or should be dismissed in light of the existence of several indicia of bad faith, including prominently what appears to be forum shopping to resolve what is essentially a two party dispute in this Court;

- the Debtor asserts that it is a wholly independent unincorporated association but fails to adequately disclose its relationship with (1) the ILWU, the labor union that issued Debtor its charter and listed Debtor as a party to such charter in its subchapter V bankruptcy filing currently pending in the Norther District of California,[1] and (2) the CLD, which has paid the legal fees incurred in the Debtors' and ILWU's litigation with ITCSI ;[2]

- Debtor and ILWU have been found liable to ICTSI for unlawful labor actions committed over the course of several years, *ICTSI Oregon Inc. v. International Longshore and Warehouse Union and ILWU Local 8*, Case No. 3:12-cv-01058-SI, in willful disobedience to an injunction issued in the United States District Court for the District of Oregon. *Hooks v. International Warehouse Union et al*, Case No. 3-12-cv-1088-SI; and

---

[1] *See* Schedule G filed at Dkt. 32 in *In re Int'l Longshoremen's and Warehouseman Union*, Case No. 23-30662-HLB (Bankr. N.D. Cal.) ("**ILWU Bankruptcy**").

[2] *See* Schedule G (listing no executory contracts with the ILWU but listing a bond contract with the CLD) [Dkt. 1]; see also n.13, *infra*. While Sections 3.1 and 3.3 of the Debtor's Statement of Financial Affairs [Dkt. 1] do disclose a transfer to the CLD for "pro rata payment for affiliation" and a transfer to the ILWU for "per capita affiliation" respectively, this does not equate to adequate disclosure of Debtor's relationships to these entities.

Page 2 of 6 - ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S FIRST DAY MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Case 23-32366-pcm11    Doc 28    Filed 10/23/23

- the Debtor's omissions in its filings lack transparency, even though as discussed below ICTSI believes that associated entities will be implicated in the ultimate resolution of this bankruptcy case and discovery and analysis of undisclosed fraudulent transfers, breach of fiduciary duty claims, or other claims against CLD and ILWU will be needed prior to confirmation of any plan.

While relief associated with the First Day Motions may be appropriate on an interim basis, ICTSI believes that in light of the emergency nature of the requests, any order should be expressly interim in scope, narrowly tailored, and without prejudice to the positions creditors might take at a final hearing or on any other matters in the case.

What follows is a background discussion to provide the Court with context missing from the Debtor's moving papers. This context also relates to the points raised above and is hopefully a helpful roadmap to the Court of matters likely to be at issue in the near term.

## **BACKGROUND AND DISCUSSION**

ICTSI leased a container shipping terminal at which ILWU and Local 8 members (a) performed stevedoring services, (b) engaged in a half-decade of unlawful labor actions, and (c) caused up to $142 million in damages. Under 29 U.S.C. §§158(b)(4)(B), a business is entitled to recover damages from a union that coerces it in pursuit of the union's goals elsewhere. Here, Local 8 and ILWU wanted another union's jobs—jobs controlled by the Port of Portland.[3] To force that reassignment, Local 8 and ILWU in May 2012 threatened to destroy the Port's tenant, ICTSI, and began unlawfully executing that threat.[4] Among other things, ILWU's and Local 8's unlawful labor actions caused ICTSI's customers to eventually stop sending ships to ICTSI's leased terminal.[5] Out of options, ICTSI bought out its lease in March 2017.[6]

---

[3] See Exhibit A to Garone Declaration (Excerpts from Final Jury Instr. at 20, 23, 31, *ICTSI Or., Inc., v. ILWU*, No. 3:12-cv-01058-SI (D. Or. Oct. 31, 2019), ECF No. 615).

[4] *Id.* at 22-28.

[5] *ICTSI Or., Inc. v. ILWU*, 442 F. Supp. 3d 1329, 1358 (D. Or. 2020).

[6] *Id.* at 1356.

Page 3 of 6 -   ICTSI OREGON, INC.'S RESPONSE AND
                RESERVATION OF RIGHTS RE DEBTOR'S FIRST
                DAY MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Case 23-32366-pcm11    Doc 28    Filed 10/23/23

Local 8's liability for damages is clear. The District Court for the District of Oregon (Judge Michael Simon presiding) promptly enjoined Local 8's and ILWU's pursuit of the other union's jobs and later held Local 8 and ILWU in contempt of court; and the NLRB also twice found Local 8's and ILWU's conduct to be unlawful (both times affirmed by the D.C. Circuit).[7]

In 2019, Judge Simon presided over a jury trial in which the jury found that (a) Local 8 and ILWU persisted in its illegal conduct through ICTSI's termination of business operations in March 2017; and (b) Local 8's and ILWU's course of unlawful conduct between June 2012 and March 2017 was the sole cause of ICTSI's damages.[8]

When ILWU filed its bankruptcy petition, the parties were on the cusp of retrying damages. Although the first jury awarded ICTSI $93.6 million damages, the district court found that ICTSI had not adequately proved certain assumptions, mostly relating to its lost profits.[9] Thus, when the Court gave ICTSI a choice between a new trial on damages or accepting $11.45 million for buying out its lease and $7.6 million, reflecting *Local 8's and ILWU's* expert's estimate of ICTSI's excess labor costs and lost profits, *id*. at 1366,[10] ICTSI elected to better prove its tens of millions in lost profits in a new trial.

Currently, each party has served hundreds of pages of new expert reports; spent weeks deposing experts; and filed extensive *Daubert* motions and responses on August 25, 2023, and

---

[7] Final Jury Instr. at 17-22. The referenced decisions include *ILWU v. NLRB*, 705 F. App'x 1 (D.C. Cir. 2017) (*per curiam*) (affirming NLRB decision); *ILWU v. NLRB*, 705 F. App'x 3 (D.C. Cir. 2017) (*per curiam*) (affirming NLRB decision); *Hooks ex rel. NLRB v. ILWU*, 72 F. Supp. 3d 1168 (D. Or. 2014) (holding ILWU in contempt for violating injunction between its issuance in July 2012 and August 13, 2013).

[8] *See* Exhibit B to Garone Declaration (Special Verdict, Qs. 1, 3, 4, 6, *ICTSI Or., Inc., v. ILWU*, No. 3:12-cv-01058-SI (D. Or. Nov. 4, 2019), ECF No. 620).

[9] *ICTSI Or., Inc.*, 442 F. Supp. 3d at 1359-66.

[10] This figure of $7.6 million, testified to by the Debtor's own expert, casts serious doubt on the debtor's eligibility to proceed via Subchapter V. That doubt remains even though, in preparation for the damages trial scheduled for February 26, 2024, ILWU's damage expert changed his estimation method and now says ILWU's unlawful conduct most likely did not cause any damages, or, caused, at most, $3.9 million before considering additional capital expenditures. *See* Exhibit H to Garone Declaration (Defendants' Damages Summary).

Page 4 of 6 -   ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S FIRST DAY MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Case 23-32366-pcm11    Doc 28    Filed 10/23/23

September 27, 2023, respectively. Judge Simon was prepared to schedule a *Daubert* hearing in December, 2023. The two-week trial was set for February 26, 2024, though that date has been stricken from the schedule due to the ILWU bankruptcy filing and the district court has reserved a March trial date.

Separately, and with respect to issues that will require serious attention at a later date, the Court should be aware that the Debtor, ILWU, and CLD have in the past taken liberties in their associated relationships. Two examples are mentioned above: the Debtor's failure to disclose the related bankruptcy of ILWU and its failure to list any contractual relationship with ILWU.[11] Another example is the way in which the Debtor and CLD have handled the ICTSI litigation on their respective federal financial disclosures. Under the Labor-Management Reporting and Disclosure Act, labor unions are required to file several annual financial reports with the Department of Labor. Among those forms is an LM-2, a financial disclosure form that *requires* a labor organization to list its assets, *liabilities*, income, expenditures and other detailed financial information. The Debtor's LM-2 forms have not recently listed ICTSI's claims as contingent liabilities of the Debtor, as is required under federal law.[12] Nor do Debtor's LM-2 forms indicate that it ever paid any attorney fees, costs, or other expenses regarding the ICTSI litigation. Instead, those fees, costs and expenses have been paid by the ILWU's Coast Longshore Division.[13] Despite these facts, the Debtor states that it "is unable to pay the extremely large legal fees and expenses that will be required to continue the ICTSI litigation" and that "any damages awarded to ICTSI would very likely exceed Local 8's ability to pay."[14]

---

[11] However, Debtor has listed the "I.L.W.U." as a codebtor of the ICTSI obligation. *See* Voluntary Petition for Non-Individuals Filing for Bankruptcy, Schedule H [Dkt. 1].

[12] *See* Exhibit C to Garone Declaration (Local 8's 2022 LM-2 at 2, 21-25); Exhibit D (Local 8's 2021 LM-2 at 2, 21-25); Exhibit E (Local 8's 2020 LM-2 at 2, 21-25).

[13] *See, e.g.*, Exhibit F to Garone Declaration (CLD 2022 LM-2 at 38, 56-57, 61, 65); Exhibit G to Garone Declaration (CLD 2021 LM-2 at 27, 29, 37-38).

[14] *See* Debtor's Motion for Authorization to Pay Prepetition Payroll Expenses and Related Taxes, Continue Payroll Accounts, and Granting Related Relief [Dkt. 12], attached Declaration of Troy Mosteller in Support of First Day Motions, ¶ 10.

Page 5 of 6 - ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S FIRST DAY MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Case 23-32366-pcm11    Doc 28    Filed 10/23/23

Under the circumstances presented, there is a serious question regarding whether this bankruptcy filing is proper or should be dismissed in light of the existence of several indicia of bad faith. It is also unclear to ICTSI how the ILWU entity seeking relief here, Local 8, aligns with the ILWU and various ILWU divisions, such as the CLD, and their assets, liabilities, and cash flows. To the extent this case proceeds to a plan process, a robust inquiry into these areas will be necessary.

**CONCLUSION**

This is no routine bankruptcy filing. Setting aside the interim relief sought via the First Day Motions, a larger question looms: whether the debtor is pursuing a proper bankruptcy purpose at all in seeking relief from this Court. Answering that question will be critically important.

Dated this 23rd day of October, 2023.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: */s/ Daniel R. Kubitz*
Lawrence R. Ream, admitted *pro hac vice*
Email: lream@schwabe.com
Daniel R. Kubitz, OSB #181381
Email: dkubitz@schwabe.com
Telephone: 503.222.9981

Of Attorneys for ICTSI Oregon, Inc.

Page 6 of 6 -   ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S FIRST DAY MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Case 23-32366-pcm11    Doc 28    Filed 10/23/23

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the 23rd day of October 2024, I caused to be served the foregoing |
| 3 | ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S |
| 4 | FIRST DAY MOTIONS and the DECLARATION OF MICHAEL GARONE IN SUPPORT OF |
| 5 | ICTSI OREGON, INC.'S RESPONSE AND RESERVATION OF RIGHTS RE DEBTOR'S |
| 6 | FIRST DAY MOTIONS: |

by:

☐ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail, return receipt requested
☐ hand delivery
☐ facsimile
☒ electronic service (ECF)
☐ other (specify) _____

*/s/ Daniel R. Kubitz*
Daniel R. Kubitz

Page 1 of 1 -   CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\37649629.5

Case 23-32366-pcm11   Doc 28   Filed 10/23/23