1  Susan S. Ford, OSB No. 842203
   Thomas W. Stilley, OSB No. 883167
2  Joshua G. Flood, OSB No. 223085
   SUSSMAN SHANK LLP
3  1000 SW Broadway, Suite 1400
   Portland, OR  97205-3089
4  Telephone: (503) 227-1111
   Facsimile: (503) 248-0130
5  E-Mail:  sford@sussmanshank.com
           tstilley@sussmanshank.com
6          jflood@sussmanshank.com

7     Attorneys for Debtor and Debtor in Possession

8            IN THE UNITED STATES BANKRUPTCY COURT

9                      DISTRICT OF OREGON

10 In re                                    ) Case No. 23-32366-pcm11
                                            )
11 Local 8, International Longshoremen's and ) DEBTOR'S PLAN OF REORGANIZATION
   Warehousemen's Union,                    ) FOR A SMALL BUSINESS DEBTOR
12                                          ) UNDER CHAPTER 11 DATED 1/16/2024
              Debtor.                       )
13                                          )
                                            )
14                                          )
                                            )
15 _____ )

16

17

18

19

20

21

22

23

24

25

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 77    Filed 01/16/24

# TABLE OF CONTENTS

Article 1. **Background** ........................................................................................... 1

    1.01    Description and History of Debtor's Business........................................ 1

    1.02    The NLRB and the ICTSI Litigation ................................................... 3

    1.03    Liquidation Analysis/Best Interests Test ............................................. 5

    1.04    The Plan Must be Fair and Equitable to any Non-Accepting Classes ...................... 6

    1.05    Ability to Make Plan Payments and Operate Without Further Reorganization .......... 6

    1.06    Summary of the Plan ......................................................................... 6

Article 2.    Classification of Claims and Interests........................................................ 8

    2.01    Unclassified Claims ......................................................................... 8

    2.02    Class 1 ............................................................................................ 8

    2.03    Class 2 ............................................................................................ 8

Article 3.    Treatment of Claims and Interests Under the Plan ................................... 8

Article 4.    Allowance and Disallowance of Claims ...................................................... 9

    4.01    Disputed claims............................................................................... 9

    4.02    Delay of distribution on a disputed claim; Estimation ........................... 9

    4.03    Settlement of disputed claims ........................................................... 10

Article 5.    Provisions for Executory Contracts and Unexpired Leases................. 10

    5.01    Assumed executory contracts,  unexpired leases and employee benefit plans ......... 10

Article 6.    Means for Implementation of the Plan................................................... 10

Article 7.    General Provisions ................................................................................. 10

    7.01    Definitions and rules of construction ................................................ 10

    7.02    Effective Date ................................................................................. 11

    7.03    Severability .................................................................................... 11

    7.04    Binding Effect................................................................................. 11

    7.06    Controlling Effect........................................................................... 11

i

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11   Doc 77   Filed 01/16/24

| | | | |
|---|---|---|---|
| 1 | 7.07 | Corporate Governance | 12 |
| 2 | 7.08 | Retention of Jurisdiction | 12 |
| 3 | Article 8. | Discharge | 12 |
| 4 | Article 9. | Other Provisions | 13 |
| 5 | 9.1 | Rejection Claims | 13 |
| 6 | 9.2 | Objections to Claims | 13 |
| 7 | 9.3 | Distribution Only to Holders of Allowed Claims | 13 |
| 8 | 9.4 | Timing of Distributions | 14 |
| 9 | 9.5 | No Professional Fees or Expenses | 14 |
| 10 | 9.6 | Vesting | 14 |
| 11 | 9.7 | Notices | 14 |
| 12 | 9.8 | Post-Confirmation Court Approval | 15 |
| 13 | 9.9. | Exemption from Transfer Taxes | 15 |
| 14 | 9.10 | Setoffs, Recoupments, and Defenses | 16 |
| 15 | 9.11 | Compromise of Controversies | 16 |
| 16 | 9.12 | Default | 16 |
| 17 | 9.13 | Filing and Payment of Administrative Claims | 17 |

18
19
20
21
22
23
24
25
26

ii

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11   Doc 77   Filed 01/16/24

Article 1. __Background__.

1.01　　__Description and History of Debtor's Business__.

Local 8, International Longshoremen's and Warehousemen's Union ("Debtor" or "Local 8") is a labor union with its principal place of business in Portland, Oregon. It is a non-profit unincorporated labor organization exempt from federal income tax under section 501(c)(5) of the Internal Revenue Code.  Local 8 has approximately 280 members (Class A Registrants) and 120 non-member apprentices (Class B Registrants) that are primarily workers engaged in the movement of waterborne commerce within its jurisdiction.  The Local 8 itself does not provide employment to its members; they are employed by the companies that require loading and unloading of vessels at the Port of Portland. Local 8 negotiates the labor conditions for those activities and manages grievances arising from the Collective Bargaining Agreements with various employers, both for its members, and for non-member workers performing similar work loading and unloading vessels, with the goal of securing the best possible pay and working conditions for the people who keep goods flowing through the area and supporting its economy. In addition, Local 8 operates jointly, with the Pacific Maritime Association (a group of employers), the dispatch of longshoremen to daily work assignments within the Port of Portland.

The Local 8's stated purpose is to "unite all of the Longshoremen and other members under the jurisdiction of the International Longshoremen's and Warehousemen's Union, Local 8 for the purpose of securing concert of action in whatever they may regard as beneficial to their mutual interests." See, Local 8 Constitution and Bylaws, Article II. The Local 8 operates pursuant to a democratic process following its own Constitution and bylaws. Its membership elects its officers.  Its Constitution requires a vote of the membership for a number of other major decisions, including approving contracts with employers.[1]

Local 8 associates in the ordinary course of its business with the International Longshore

---

[1] As referenced in Local 8's bankruptcy filings, the Local 8 sought and obtained authorization to file this bankruptcy by membership vote.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1 and Warehouse Union ("ILWU" or "International"). Over 50 local unions associate with the

2 International and the locals together have approximately 40,000 members. The International is

3 also an unincorporated labor organization and a tax exempt entity under 28 USC §501(c)(5).

4 Originally organized in 1934 as the Pacific Coast District of the International Longshoremen's

5 Association (ILA) with headquarters in New York, in 1937 the membership of the Pacific Coast

6 District voted to disaffiliate itself from the ILA and formed itself into the ILWU as an

7 independent union now headquartered in San Francisco, California.[2]

8 At its most basic, the International is an association of local unions operating in similar

9 industries. As the goals and values of Local 8 and the International are in close alignment,

10 Local 8 chooses to associate with the International and was granted a Charter by the International

11 in 1937. Pursuant to that Charter, Local 8 agrees to abide by certain rules, including paying a per

12 capita amount to the International for each member and Class B non-member of Local 8. Local 8

13 understands the International uses the funds it receives from local unions in support of shared

14 goals of education, lobbying, and other actions taken in support of labor and members of ILWU

15 locals.[3]

16 The International likewise operates pursuant to its own Constitution. Under that

17 Constitution, the objectives of the International are to unite all workers in the International's

18 jurisdiction, to maintain and improve the wages, hours, and working conditions for its members,

19 to educate the membership regarding labor history, problems, and tactics, and to secure

20 legislation in the interests of labor. The International acts through its Executive Board, which is

21

22 [2] See, Plan of Reorganization for International Longshore and Warehouse Union (ILWU)
23 Bankruptcy Court Northern Dist. CA Case No. 23-30662.
[3] The relationship is voluntary and somewhat similar to membership in a club or professional
24 organization. A business might join the Chamber of Commerce and pay dues and follow the
Chamber's rules because the Chamber promotes policies that are generally pro-business. But that
25 does not make the business an affiliate or subsidiary of the Chamber. Likewise, a lawyer might
join the American Bankruptcy Institute and pay dues that the ABI uses for education and
26 lobbying. That does not mean that the lawyer is an affiliate or subsidiary of ABI.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1 elected at a convention held every three years made up of representatives selected by each local
2 union associated with the International.

3     Lastly, Local 8 associates with another independent labor organization known as the
4 Coast Longshore Division ("CLD"). Based in San Francisco, the CLD originated in
5 approximately the 1950s as a caucus of the longshore locals (as opposed to locals representing
6 warehouse workers or other non-longshore members) at a convention of the ILWU. Over time,
7 the CLD's role developed to function as a facilitator for local longshore unions along the west
8 coast, managing grievances under the Pacific Coast Longshore and Clerk's Agreement ("Master
9 Agreement"), collective bargaining agreements, and administering the "Master Agreement." The
10 CLD assists with negotiating the Master Agreement and associated benefit plans available to
11 members of the longshore locals. In that role, the CLD is managed by a group of officers known
12 as "Coast Committeemen" who are elected by members of the longshore locals. The Local 8 and
13 other longshore locals on the west coast pay "pro-rata" amounts based on their membership
14 numbers to the CLD for these services.

15     Local 8 continues to believe its associations with the International and the CLD,
16 respectively, are important and beneficial to Local 8's goals. However, Local 8 could decide to
17 end its association with the International and/or the CLD at any time. It could either join another
18 similar organization or operate independently. The International does not control or direct Local
19 8 and neither does the CLD. Local 8 has been and remains an independent actor and decision-
20 maker notwithstanding its associations with the International and the CLD.

21     1.02    The NLRB and the ICTSI Litigation.

22     Historically, Local 8 has been a sound and financially stable organization. It derives its
23 income primarily from dues paid by its members and pro rata paid by its Class B non-members,
24 as well as the rent it receives from sub-leasing to third parties portions of the Portland union hall
25 building owned by the "Columbia River Pensioners Memorial Association," also known as the
26 "Pensioners," which leases the building to the Local 8.

**Page 3 of 17** – DEBTOR'S PLAN OF REORGANIZATION FOR A SMALL BUSINESS
DEBTOR UNDER CHAPTER 11 DATED 1/16 /2024

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11   Doc 77   Filed 01/16/24

However, beginning in approximately 2012, a dispute arose between Local 8 and ICTSI Oregon, Inc. ("ICTSI").  ICTSI, a Pacific Maritime Association member company, leased the Terminal 6 Container yard from the Port of Portland to handle cargo involving carriers who call at Terminal 6.  ICTSI alleged the International and the Local 8 engaged in prohibited secondary labor actions, such as work slow-downs, against ICTSI in order to cause the Port of Portland and ISTCI to assign certain work to Local 8 members pursuant to the terms of a collective bargaining agreement with the ILWU. The Local 8 and the International, on the other hand, asserted ICTSI's demands placed speed ahead of worker safety in operating cranes and trucks. Following hearings, an administrative law judge for the National Labor Relations Board ("NLRB") issued a preliminary decision in favor of ICTSI in May 2014.  The decision was appealed to United States District Court for the District of Oregon, and became the basis for ongoing litigation.  See, District of Oregon Case No. 3:12-cv-1058 (the "ICTSI Litigation").

Ultimately, in November 2019, a jury trial verdict was reached against the International and Local 8, finding that the International and Local 8 had caused damages to ICTSI of approximately $94 million. The jury concluded that 55% of those damages were the responsibility of the International and 45% were the responsibility of Local 8. The court, however, granted the International's and Local 8's request to delay entry of the judgment pending resolution of post-trial motions, including a renewed motion for judgment as a matter of law and a motion for a new trial. On March 5, 2020, the District Court found the maximum damages supported by the evidence was $19,061,248, and ordered the parties to decide by March 19, 2020 whether they would accept that reduced amount or proceed with a new trial. On April 1, 2020, ICTSI rejected the reduced damages amount, and the International requested the court to (1) stay the case and permit appeal of the court's denial of the International's motion for judgment as a matter of law; and (2) reconsider its decision to limit the new trial to damages. In May 2020, the District Court denied the International's motion to reconsider, but granted the International leave to seek an interlocutory appeal of the court's denial of its motion for

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1 judgment as a matter of law. In September 2020, the Ninth Circuit Court of Appeals granted the

2 International's petition to file an interlocutory appeal and granted ICTSI's cross-petition to file

3 its own interlocutory appeal. On January 18, 2022, the appellate court dismissed both appeals for

4 lack of jurisdiction. The District Court scheduled a new trial on damages for February 2024.

5 The Local 8 has vigorously disputed the issues in the ICTSI Litigation; however, it

6 cannot afford to pay the legal fees associated with it. The Debtor estimates that additional legal

7 fees and related expenses through the conclusion of a new damages trial and any related appeals

8 could run into the millions of dollars, far beyond Local 8's ability to pay. More importantly,

9 Local 8 will not have the ability to pay a damages award that is at all similar to either the amount

10 of the jury award or the damages amount found by Judge Simon in the ICTSI Litigation on top of

11 all the litigation costs.

12 Accordingly, to address its significant responsibility to pay 45% of the currently

13 unascertained amount of damages as well as the claims of other regular creditors, Local 8 filed

14 this Subchapter V case in an effort to restructure its operations and affairs, and emerge as a

15 stronger organization and labor union, for the benefit of its union members. The Plan provides

16 for Local 8 to make payments under the Plan upon confirmation that will pay administrative

17 expenses and priority claims in full, and will pay nonpriority unsecured creditors as much as they

18 would receive if Local 8's assets were liquidated in Chapter 7, which is greater than Local 8's

19 projected disposable income over three years.

20 1.03 Liquidation Analysis/Best Interests Test.

21 To confirm the Plan, the Court must find that all creditors who do not accept the Plan

22 will receive at least as much under the Plan as they would if the Local 8's assets were liquidated

23 under Chapter 7 (the "Best Interest Test").11 USC § 1129(a)(7). A hypothetical Chapter 7

24 liquidation analysis is attached hereto as Exhibit A which demonstrates that the Plan meets this

25 requirement. As shown on the liquidation analysis, Class 2 Claims (Nonpriority Unsecured

26 Claims) are projected to receive $216,857 under the Plan, which is the same amount such claims

**Page 5 of 17** – DEBTOR'S PLAN OF REORGANIZATION FOR A SMALL BUSINESS
DEBTOR UNDER CHAPTER 11 DATED 1/16 /2024

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11   Doc 77   Filed 01/16/24

1    are projected to receive in a hypothetical liquidation under Chapter 7.

2        1.04    The Plan Must be Fair and Equitable to any Non-Accepting Classes.

3        The Plan must also be fair and equitable to any non-accepting classes of claims or

4    interests. In order to meet this test, Local 8 must make distributions under the Plan totaling at

5    least the amount of its projected disposable income for the three years following the date the first

6    payment is due under the Plan. 11 USC § 1191(c)(2)(b). Local 8 has prepared the financial

7    projections attached hereto as Exhibit B for the period from April 1, 2024 (the projected date of

8    the first Plan payment) to December 31, 2027. Projected disposable income during the three-year

9    period from April 1, 2024 through April 1, 2027 totals $190,532.94. The Plan provides for Local

10   8 to pay more than this amount, specifically $241,857,[4] upon confirmation of the Plan. This will

11   ensure that Local 8 makes payments totaling at least three years' of its projected disposable

12   income and that the Plan meets the fair and equitable test.

13       1.05    Ability to Make Plan Payments and Operate Without Further Reorganization.

14       Finally, the Debtor must show that it will be able to make the payments required by the

15   Plan payments and to also continue operating without the need for liquidation or further financial

16   reorganization. The financial projections attached hereto as Exhibit B show Local 8's ability to

17   meet all its obligations under the Plan and continue operating over the next three years, ending

18   with a cash balance of $232,911.96 at the end of three years.

19       You should consult with your accountant or other financial advisor if you have any

20   questions pertaining to these projections.

21       1.06    Summary of the Plan.

22       This Plan of Reorganization (the "Plan") proposes that Local 8 will pay promptly upon

23   confirmation $241,857.00[5] which will be used to (1) pay all allowed Administrative Claims (as

24   _____

25   [4] Or such higher amount as the court may determine is necessary for the Plan to comply with 11
     USC §1129(a)(7) and satisfy the Best Interest Test.

26   [5] Or such higher amount as the court may determine is necessary for the Plan to comply with 11
     USC §1129(a)(7) and satisfy the Best Interest Test.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

| 1 | defined in section 3.01) and other priority claims in full (estimated at $25,000), and (2) distribute |
| 2 | the remainder (estimated at $216,857) pro rata to Class 2 non-priority unsecured creditors.  The |
| 3 | Plan provides for: |
| 4 | Administrative Claims; |
| 5 | Priority tax claims; |
| 6 | No classes of secured claims;[6] |
| 7 | One class of non-tax priority claims; and, |
| 8 | One class of non-priority unsecured claims. |
| 9 | There are no equity security holders because the Local 8 is a non-profit entity without |
| 10 | any owners or shareholders. |
| 11 | All creditors should refer to this Plan for information regarding the treatment of their |
| 12 | claim.  Your rights may be affected. You should read these papers carefully and discuss them |
| 13 | with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult |
| 14 | one.) |
| 15 | FURTHER DISCLOSURE to Unsecured Creditors of Local 8:  Pursuant to the |
| 16 | Bankruptcy Code, payments to creditors under Local 8's  Plan of Reorganization (the "Plan") |
| 17 | will be made to pay priority and administrative claims of professionals who are assisting Local 8 |
| 18 | with this bankruptcy first, before any payments to "unsecured" creditors, which generally means |
| 19 | anyone owed money that is not a professional, priority, or  "secured" creditor (such as a bank or |
| 20 | mortgage company with a lien on property). |
| 21 | Local 8 does not believe it has any "secured" creditors.  As a result, the vast majority of |
| 22 | claims of creditors in this case are <u>unsecured</u>, which means they will each receive *pro-rata* |
| 23 | distributions on account of their allowed claims, <u>after</u> priority and professional claims are paid. |
| 24 | |
| 25 | |
| 26 | |

---

[6] Local 8 does not have any secured creditors with unpaid claims; it does, however, have the responsibility to pay real property taxes on the union hall and any personal property tax on equipment to Multnomah County as a lease obligation.  Local 8 will, upon assumption of the lease of the union hall, keep these taxes current in the ordinary course of business following confirmation of the Plan.

**Page 7 of 17** – DEBTOR'S PLAN OF REORGANIZATION FOR A SMALL BUSINESS DEBTOR UNDER CHAPTER 11 DATED 1/16 /2024

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11   Doc 77   Filed 01/16/24

1        However, a distinguishing feature of this bankruptcy case is that one creditor within the

2 unsecured class -- ICTSI of Oregon, Inc. – has filed an unsecured claim for hundreds of millions

3 of dollars – far greater than any of the other of the unsecured claims. Assuming the ICTSI claim

4 is allowed by the Court, ICTSI will be entitled to receive a much higher share of the

5 distributions to be made under the Debtor's Plan than any of the other unsecured creditors.

6 ICTSI is likely to receive 99% or more of every dollar of funds available for distribution to

7 unsecured creditors as a whole under the Plan.

8        Local 8 would like to be in a position to pay all of its creditors in full; but under these

9 circumstances, that unfortunately will not be possible. However, if the Plan is confirmed,

10 assuming Local 8 pays the amounts it is required to pay under a confirmed Plan, Local 8 will be

11 relieved and discharged from the ICTSI claim. That would enable the Local 8 to continue the

12 work it does as a union, pay its rent and employees, and emerge from bankruptcy without the

13 ICTSI debt. Local 8 therefore asks for your vote to confirm the plan, and looks forward to

14 serving longshore workers for many more years to come.

15        Article 2. <u>Classification of Claims and Interests</u>

16        2.01     Unclassified Claims. Administrative Claims allowed under §§ 330(a) and 503 of

17 the Code, including claims of the Chapter 11 Professionals and the subchapter V trustee

18 ("Administrative Claims"), and all claims entitled to priority under §507(a)(8) of the Code

19 ("Priority Tax Claims").

20        2.02     Class 1. All allowed claims entitled to priority under § 507(a) of the Code, except

21 for Administrative Claims and Priority Tax Claims.

22        2.03     Class 2. All non-priority unsecured claims allowed under § 502.

23        Article 3. <u>Treatment of Claims and Interests Under the Plan</u>

24        3.01     Claims and interests shall be treated as follows under this Plan:

25        <u>Administrative Claims</u>. Whether the Plan is confirmed under §1191(a) of the

26 Code as a consensual plan or under §1191(b) of the Code as a non-consensual Plan, each holder

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    of an Administrative Claim will be paid in full in cash on the Effective Date, or as promptly

2    thereafter as reasonably practicable after such claims are allowed, or upon such other terms as

3    may be agreed upon by the holder of the claim and the Debtor.  Local 8 reserves the right to pay

4    professional fees over time under the Plan, if necessary.

5    <u>Unclassified Priority Tax Claims</u>.  The debtor is not aware of any unclassified

6    priority tax claims, but to the extent there are any such claims allowed, they will be paid pursuant

7    to 11 USC § 1129(a)(9)(c).

8    Class 1 - <u>Non-Tax Priority Claims</u>.  The Debtor is not aware of any non-tax

9    priority claims.  Such claims, if any, will be paid in full promptly after all allowed

10    Administrative Claims (of higher priority) have been paid in full.  Assuming there are any

11    allowed non-tax priority claims, they are impaired and entitled to vote as they will not be paid in

12    full until all Administrative Claims have been fully paid.

13    <u>Class 2 – Non-priority Unsecured Creditors</u>.  Allowed Claims of Non-priority

14     unsecured creditors are impaired and entitled to vote. Such creditors will be paid promptly after

15    all allowed Administrative Claims and other priority claims have been paid in full from the funds

16    to be paid by Local 8 under the Plan.   Once all Administrative Claims and other priority claims

17    have been paid, each holder of an allowed Class 2 non-priority unsecured claim will receive its

18    pro-rata share of all remaining funds, estimated at $216,857.

19    Article 4.  <u>Allowance and Disallowance of Claims</u>

20    4.01  <u>Disputed claims</u>.  A disputed claim is a claim that has not been allowed or

21    disallowed by a final non-appealable order, and as to which either:

22    (i)  a proof of claim has been filed or deemed filed, and the Debtor or another

23    party in interest has filed an objection; or

24    (ii)  no proof of claim has been filed, and the Debtor has scheduled such claim

25    as disputed, contingent, or unliquidated.

26    4.02  <u>Delay of distribution on a disputed claim; Estimation</u>.  No distribution will

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1     be made on account of a disputed claim unless such claim is allowed by a final non-appealable

2     order. The Debtor may file a motion to estimate any disputed claim, including the ICTSI claim,

3     if objected to, for purposes of voting and distribution.

4         4.03     Settlement of disputed claims.

5         The Debtor will have the power and authority to settle and compromise a disputed claim

6     with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy

7     Procedure.

8         Article 5.   Provisions for Executory Contracts and Unexpired Leases

9         5.01     Assumed executory contracts, unexpired leases and employee benefit plans.

10           (a)      The Debtor assumes, and, if applicable, assigns, the executory contracts

11     and unexpired leases listed on Exhibit C, as of the Effective Date (as defined in section 7.02

12     herein);

13           (b)      Except for executory contracts and unexpired leases that have been

14     assumed, and if applicable, assigned, before the Effective Date, or that are the subject of a

15     pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to

16     have rejected all executory contracts and unexpired leases as of the Effective Date.

17           (c) The Debtor assumes its Employee Benefit Plans as of the Effective Date and

18     will continue providing benefits thereunder according to their terms, subject to the Debtor's

19     rights to modify or terminate such plans or the benefits provided thereunder as the Debtor

20     determines in its sole discretion.

21         Article 6.   Means for Implementation of the Plan

22         The Plan will be funded out of the Debtor's cash and other liquid assets.

23         Article 7.   General Provisions

24         7.01     Definitions and rules of construction. The definitions and rules of construction set

25     forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are

26     used in this Plan, and they are supplemented by the following definitions:

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1       (a)      "Code" means Title 11 of the United States Code.

2       (b)      "Business day" means any day other than Saturday, Sunday, or a "legal holiday,"

3 as that term is defined in Bankruptcy Rule 9006(a).

4       (c)      "Chapter 11 professionals" means the Debtor's professionals employed under

5 §§ 327(a), 327(e), and 328(a) or the Code, wherever they are collectively referred to in the Plan.

6       (d)      "Employee Benefit Plans" means all employee benefit plans, policies and

7 programs, if any, for which the Debtor has any liability by contract or law or which are

8 maintained by the Debtor for its employees, but excluding any benefit plans that have been

9 terminated or rejected as of the Effective Date.

10       7.02   <u>Effective </u>Date.  The effective date of this Plan is the first business day following

11 the date that is 14 days after the entry of the confirmation order (the "Effective Date").  If,

12 however, a stay of the confirmation order is in effect on that date, the Effective Date will be the

13 first business day after the date on which the stay expires or is otherwise terminated. The Debtor

14 will provide Notice of Effective Date as may be ordered by the Court.

15       7.03   <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the

16 determination will in no way limit or affect the enforceability and operative effect of any other

17 provision of this Plan.

18       7.04   <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in

19 this Plan will be binding upon, and will inure to the benefit of the successors and assigns of such

20 entity.

21       7.05   <u>Captions</u>.  The headings contained in this Plan are for convenience of reference

22 only and do not affect the meaning or interpretation of this Plan.

23       7.06   <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law

24 (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the state of

25 Oregon govern this Plan and any agreements, documents, and instruments executed in

26 connection with this Plan, except as otherwise provided in this Plan.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    7.07    <u>Corporate Governance</u>.  Section 1123(a)(6) of the Code prohibiting the issuance

2    of non-voting equity securities is inapplicable because the Debtor is not a corporation.

3    7.08    <u>Retention of Jurisdiction</u>.  The bankruptcy court will retain jurisdiction over all

4    matters arising under, in furtherance of, or in connection with this Plan, including those matters

5    specifically described below.  The matters over which the bankruptcy court shall retain

6    jurisdiction over this Plan include:

7        (a)    determining the allowance or disallowance of claims;

8        (b)    determining the estimated amount of any claim;

9        (c)    determining the allowance of requests for payment of Administrative Claims;

10       (d)    resolving controversies and disputes regarding the modification, interpretation,

11   and implementation of this Plan;

12       (e)    entering orders in aid of this Plan including, without limitation, appropriate orders

13   (which may include contempt or other sanctions) to protect the Debtor from actions prohibited

14   under this Plan;

15       (f)    modifying this Plan;

16       (g)    determining any and all applications, adversary proceedings, and contested or

17   litigated matters pending on, or filed after, the Effective Date;

18       (h)    determining any and all pending motions for the assumption or rejection of

19   executory contracts or leases, and to hear and determine, and if need be to liquidate, any and all

20   claims arising therefrom; and

21       (i)    entering orders closing the case.

22   Article 8.  <u>Discharge</u>

23       If the Plan is confirmed consensually under §1191(a) of the Code, on the Effective Date

24   of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this

25   Plan, to the extent specified in § 1141(d)(1)(A) of the Code.  The Debtor will not be discharged

26   from any debt imposed by this Plan.

**Page 12 of 17** – DEBTOR'S PLAN OF REORGANIZATION FOR A SMALL BUSINESS
DEBTOR UNDER CHAPTER 11 DATED 1/16 /2024

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 77    Filed 01/16/24

1    If the Plan is confirmed non-consensually under § 1191(b) of the Code, confirmation of

2    the Plan does not discharge any debt provided for in this Plan until the court grants a discharge

3    on completion of all payments due within the first three (3) years of this Plan, or such longer

4    period not to exceed five (5) years as the court may fix, or as otherwise provided in § 1192 of the

5    Code. The Court will grant a discharge following completion of all plan payments. However, the

6    Debtor will not be discharged from any debt on which the last payment is due after the first three

7    (3) years of the Plan, or such other time not to exceed five (5) years fixed by the court, or as

8    otherwise provided in § 1192 of the Code.

9    Article 9.  Other Provisions.

10    9.1    Rejection Claims.  All proofs of claim with respect to the rejection of executory

11    contracts or unexpired leases must be filed with the bankruptcy court within 30 days after the

12    Effective Date or such claims will be forever barred. If any order providing for the rejection of

13    an executory contract or unexpired lease did not provide a deadline for the filing of claims

14    arising from such rejection, proofs of claim with respect thereto must be filed within 30 days

15    after the later to occur of (a) the Effective Date or, (b) if the order is entered after the Effective

16    Date, 30 days after such order becomes a final order, or such claim will be forever barred.

17    9.2    Objections to Claims. Objections to a claim as to which no objection is pending

18    as of the Effective Date, must be filed within 30 days of the Effective Date.  Objections to claims

19    may be filed by the Debtor, any creditor, or any other party in interest.

20    9.3    Distributions Only to Holders of Allowed Claims.  Distributions under this Plan

21    will be made only to the holders of allowed claims.  Until a disputed claim becomes allowed, the

22    holder of that claim will not receive any distribution otherwise provided under this Plan. If

23    necessary in determining the amount of a pro rata distribution due to the holders of allowed

24    claims in any class, the Debtor will make the pro rata calculation as if all claims were allowed in

25    the full amount claimed.  Pending resolution of a disputed claim, the amount that would be

26    distributed to the holder of such claim if allowed, based on the full amount claimed, will be held

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1 by the Debtor. When a disputed claim in any class becomes an allowed claim, the Debtor will

2 make distributions with respect to such allowed claim from the funds held in reserve for such

3 claim, together with any allowable interest accrued on the amount of each such distribution to the

4 date thereof, net of any setoff contemplated by the order, if any, allowing such claim and/or any

5 required withholding of applicable federal and state taxes.

6      9.4    <u>Timing of Distributions</u>. Unless otherwise agreed by the Debtor and the person

7 entitled to a distribution under this Plan, whenever any payment to be made is due on a day other

8 than a business day, such payment will instead be made on the next business day, with interest to

9 the extent expressly allowed by this Plan or any applicable agreement or instrument.

10      9.5    <u>No Professional Fees or Expenses</u>. No professional fees or expenses will be paid

11 to the holder of any claim except as specified in this Plan, or as allowed by final order of the

12 bankruptcy court, as applicable.

13      9.6    <u>Vesting</u>. Except as otherwise expressly provided in this Plan or in the

14 confirmation order, on the Effective Date, the Debtor will be vested with all of the property of

15 the estate free and clear of all claims, liens, encumbrances, charges and other interests. As of the

16 Effective Date, the Debtor may hold, use, dispose, and otherwise deal with such property and

17 conduct its affairs free of any restrictions imposed by the Code or by the bankruptcy court, other

18 than those restrictions expressly imposed by the Plan, the confirmation order, or the Code;

19 provided however, the Debtor may not sell or dispose of substantially all or a material portion of

20 its assets, without notice and a prior order of the court, until all Administrative Claims and other

21 priority claims have been paid in full.

22      9.7    <u>Notices</u>. All notices or requests to the Debtor or subchapter V trustee in

23 connection with this Plan shall be in writing and served either by (i) United States mail, postage

24 prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, all charges prepaid, and

25 shall be deemed given when received. All notices and requests to a person or entity holding any

26 claim will be sent to them at their last known address or to the last known address of their

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1     attorney of record. The Debtor, the subchapter V trustee, and any holder of a claim may

2     designate in writing any other address, which designation will be effective upon actual receipt by

3     the Debtor, the subchapter V trustee, or by the holder of the claim.  Any person or entity entitled

4     to receive notice under this Plan will have the obligation to provide the Debtor and the

5     subchapter V trustee with such person's or entity's current address for notice purposes.  The

6     Debtor and subchapter V trustee will have no obligation to attempt to locate a more current

7     address in the event any notice proves to be undeliverable to the most recent address which has

8     been provided to the Debtor and the subchapter V trustee.

9         9.8     <u>Post-Confirmation Court Approval</u>.  Any action requiring bankruptcy court

10    approval after the Effective Date will require the person or entity seeking such approval to file an

11    application, motion, or other request with the bankruptcy court and obtain an order approving

12    such action before the requested action may be taken.  The person or entity filing such

13    application, motion, or other request shall serve such application, motion, or other request,

14    together with a notice setting forth the time in which objections must be filed with the

15    bankruptcy court, on the Debtor and other affected parties by first-class mail, electronic mail,

16    overnight courier, facsimile, or hand delivery.  Unless the bankruptcy court orders otherwise, all

17    applications, motions, and other requests shall be filed and notice thereof served at least 21 days

18    prior to the hearing thereon.  Unless the bankruptcy court orders otherwise, any objections to the

19    application, motion, or other request shall be filed and served at least seven days prior to the

20    hearing.  If no objection is timely filed, the court may authorize the proposed action without

21    further notice or a hearing.  If an objection is timely filed, the court will determine whether to

22    conduct a hearing, or to require the submission of further documentation, prior to ruling on the

23    application, motion, or other request.

24         9.9     <u>Exemption from Transfer Taxes</u>.  Pursuant to § 1146(a) of the Code, the delivery

25    of any deed or other instrument of transfer under, in furtherance of, or in connection with this

26    Plan, whether occurring prior or subsequent to the Effective Date, including any deeds, bills of

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1      sale, or assignments executed in connection with any disposition of assets contemplated by this

2      Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or

3      other similar tax.

4          9.10    <u>Setoffs, Recoupments, and Defenses</u>.   Nothing contained in this Plan shall

5      constitute a waiver or release by the Debtor of any rights of setoff or recoupment, or of any

6      defense, it may have with respect to any claim (including, without limitation, rights under §

7      502(d)) of the Code. Except as otherwise provided in the Plan or in the confirmation order or in

8      agreements previously approved by the bankruptcy court, the Debtor may, but will not be

9      required to, set off against any claim or any distributions with respect to such claim any and all

10     of the claims, rights, and causes of action of any nature that the Debtor may hold against the

11     holder of such claim; provided, however, that neither the failure to effect such a setoff, the

12     allowance of any claim hereunder, the payment of any distribution hereunder, or any other action

13     or omission of the Debtor, nor any provision of the Plan, shall constitute a waiver or release by

14     the Debtor of any such claims, rights, and causes of action that the Debtor may possess against

15     such holder.

16         9.11    <u>Compromise of Controversies</u>.   In consideration for the classification,

17     distributions, and other benefits provided under this Plan, the provisions of the Plan shall

18     constitute a good faith compromise and settlement of all claims or controversies resolved

19     pursuant to the Plan. The entry of the confirmation order shall constitute the court's approval of

20     each of the compromises and settlements provided for in the Plan, and the court's findings shall

21     constitute its determination under the standards of Rule 9019 of the Federal Rules of Bankruptcy

22     Procedure that such compromises and settlements are in the best interests of the Debtor and the

23     estate.   The Debtor expressly reserves the right (with court approval, following appropriate

24     notice and opportunity for a hearing) to compromise and settle other claims up to and including

25     the Effective Date.

26         9.12    <u>Default</u>. Except as otherwise provided in this Plan or in the confirmation order, in

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    the event the Debtor should default in the performance of any of its obligations under the Plan

2    and shall not have cured such a default within any applicable cure period (or, if no cure period is

3    specified in the Plan or in any instrument issued to or retained by a claimant under the Plan, then

4    within 30 days after receipt of written notice of default), then the person or entity to whom the

5    performance is due may pursue such remedies as are available under the Plan, at law, or in

6    equity. An event of default occurring with respect to one claim shall not be an event of default

7    with respect to any other claim.

8        9.13   <u>Filing and Payment of Administrative Claims</u>. All requests for the payment of

9    Administrative Claims must be filed with the bankruptcy court no later than 30 days after the

10   Effective Date or at such time as the bankruptcy court may otherwise order or such claim will be

11   forever barred. Once a final order is entered allowing an Administrative Claim, the Debtor will

12   pay such claim in accordance with this Plan.

13        Dated 16th Day of January, 2024.

14            Respectfully submitted,

15            Local 8, International Longshoremen's and Warehousemen's Union

16

17            _____*/s/Leal Sundet*_____
               Leal Sundet, Secretary/Treasurer

18

19            SUSSMAN SHANK LLP

20                 */s/Susan S. Ford*
           By _____

21              Susan S. Ford, OSB No. 842203
             Thomas W. Stilley, OSB No. 883167

22              Joshua G. Flood, OSB No. 223085
             Attorneys for Debtor and

23              Debtor-in-Possession

24   **26933-002 (04391524)**

25

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 77    Filed 01/16/24

## LIQUIDATION ANALYSIS

## LOCAL 8, INTERNATIONAL LONGSHOREMAN'S AND WAREHOUSEMEN'S UNION

## PROJECTED PAYMENTS UNDER THE PLAN COMPARED TO A HYPOTHETICAL LIQUIDATION UNDER CHAPTER 7

## CHAPTER 11

Projected Plan Distributions:

| | |
|---|---|
| Plan Payments to be made upon confirmation: | $  241,857* |
| | |
| Priority Claims: | |
| Chapter 11 Administrative Expenses | $    25,000 |
| Priority Tax Claims | $           0 |
| Class 1 Non-Tax Priority Claims | $           0 |
| | $    25,000 |
| | |
| Non-Priority Unsecured Claims: | |
| Class 2 Unsecured Creditors | **$  216,857** |

*Subject to adjustment to ensure that Class 2 Creditors receive as much as they would receive in a Chapter 7 liquidation

## CHAPTER 7

| | |
|---|---|
| Assets: | |
| Cash and Cash Equivalents end of March, 2024 | $  284,236 |
| Accounts Receivable end of March 2024 | $      8,272 |
| Personal Property | $      6,500 |
| | $  299,008 |
| | |
| Distributions: | |
| | |
| Priority Claims: | |
| Chapter 7 Administrative Expenses | $      7,000 |
| Trustee's Commission | $    22,850 |
| Chapter 11 Administrative Expenses | $    25,000 |
| Priority Tax Claims | $           0 |
| Class 1 Non-Tax Priority Claims | $           0 |
| Priority Wage Claims | $    27,301 |
| | $    82,151 |
| | |
| Non-Priority Unsecured Claims: | |
| Class 2 Unsecured Creditors | **$  216,857** |

# Cash Flow Projections

## Monthly Summary

| | BEGINNING BALANCE | RECEIPTS | DISBURSEMENTS | PLAN PAYMENTS | ENDING BALANCE |
|---|---|---|---|---|---|
| **2024** | **$245,690** | | | | |
| January, 2024 | 245,690.00 | 156,712.42 | 131,412.40 | | 270,990.02 |
| February, 2024 | 270,990.02 | 154,714.00 | 148,815.00 | | 276,889.02 |
| March, 2024 | 276,889.02 | 147,374.00 | 140,027.00 | | 284,236.02 |
| April, 2024 | 284,236.02 | 134,214.00 | 128,949.60 | | 289,500.42 |
| May, 2024 | 289,500.42 | 134,724.00 | 138,330.00 | 25,000.00 | 260,894.42 |
| June, 2024 | 260,894.42 | 134,724.00 | 167,455.60 | | 228,162.82 |
| July, 2024 | 228,162.82 | 158,343.00 | 130,583.30 | 216,857.00 | 39,065.52 |
| August, 2024 | 39,065.52 | 143,743.00 | 136,209.00 | | 46,599.52 |
| September, 2024 | 46,599.52 | 144,253.00 | 129,782.00 | | 61,070.52 |
| October, 2024 | 61,070.52 | 146,343.00 | 132,695.00 | | 74,718.52 |
| November, 2024 | 74,718.52 | 144,043.00 | 188,159.08 | | 30,602.44 |
| December, 2024 | 30,602.44 | 161,853.00 | 129,746.00 | | 62,709.44 |
| **2024 Totals** | | **1,761,040.42** | **1,702,163.98** | | **62,709.44** |
| | | | | | |
| **2025** | **62,709.44** | | | | |
| January, 2025 | 62,709.44 | 144,453.00 | 138,764.00 | | 68,398.44 |
| February, 2025 | 68,398.44 | 145,543.00 | 149,891.20 | | 64,050.24 |
| March, 2025 | 64,050.24 | 146,003.00 | 135,751.20 | | 74,302.04 |
| April, 2025 | 74,302.04 | 144,353.00 | 129,703.00 | | 88,952.04 |
| May, 2025 | 88,952.04 | 143,893.00 | 143,432.40 | | 89,412.64 |
| June, 2025 | 89,412.64 | 144,803.00 | 147,521.20 | | 86,694.44 |
| July, 2025 | 86,694.44 | 154,872.00 | 131,153.40 | | 110,413.04 |
| August, 2025 | 110,413.04 | 147,812.00 | 138,321.40 | | 119,903.64 |
| September, 2025 | 119,903.64 | 148,322.00 | 130995.2 | | 137,230.44 |
| October, 2025 | 137,230.44 | 150,312.00 | 140,801.40 | | 146,741.04 |
| November, 2025 | 146,741.04 | 148,112.00 | 182,447.40 | | 112,405.64 |
| December, 2025 | 112,405.64 | 166,572.00 | 130,350.20 | | 148,627.44 |
| **2025 Totals** | | **1,785,050.00** | **1,699,132.00** | | **148,627.44** |
| | | | | | |
| **2026** | **148,627.44** | | | | |
| January, 2026 | 148,627.44 | 148,112.00 | 145,801.30 | | 150,938.14 |
| February, 2026 | 150,938.14 | 149,712.00 | 154,222.24 | | 146,427.90 |
| March, 2026 | 146,427.90 | 150,682.00 | 142,113.24 | | 154,996.66 |
| April, 2026 | 154,996.66 | 148,012.00 | 140,121.60 | | 162,887.06 |
| May, 2026 | 162,887.06 | 148,064.00 | 150,059.50 | | 160,891.56 |
| June, 2026 | 160,891.56 | 148,574.00 | 145,194.66 | | 164,270.90 |
| July, 2026 | 164,270.90 | 165,099.00 | 145,837.10 | | 183,532.80 |

| | | | | | |
|---|---|---|---|---|---|
| August, 2026 | 183,532.80 | 152,099.00 | 144,231.30 | | 191,400.50 |
| September, 2026 | 191,400.50 | 155,309.00 | 136,030.66 | | 210,678.84 |
| October, 2026 | 210,678.84 | 152,199.00 | 146,907.30 | | 215,970.54 |
| November, 2026 | 215,970.54 | 152,399.00 | 189,564.10 | | 178,805.44 |
| December, 2026 | 178,805.44 | 174,009.00 | 136,519.66 | | 216,294.78 |
| **2026 Totals** | | **1,844,270.00** | **$1,776,602.66** | | **216,294.78** |
| | | | | | |
| | **BEGINNING BALANCE** | **RECEIPTS** | **DISBURSEMENTS** | | **ENDING BALANCE** |
| **2027** | **$216,294.78** | | | | |
| January, 2027 | 216,294.78 | 152,599.00 | 146,695.86 | | 222,197.92 |
| February, 2027 | 222,197.92 | 154,609.00 | 155,853.40 | | 220,953.52 |
| March, 2027 | 220,953.52 | 154,459.00 | 142,500.56 | | 232,911.96 |
| April, 2027 | 232,911.96 | 152,299.00 | 160,091.36 | | 225,119.60 |
| May, 2027 | 225,119.60 | 154,662.00 | 144,165.23 | | 235,616.37 |
| June, 2027 | 235,616.37 | 152,752.00 | 168,373.66 | | 219,994.71 |
| July, 2027 | 219,994.71 | 166,606.75 | 151,541.16 | | 235,060.30 |
| August, 2027 | 235,060.30 | 157,016.75 | 137,897.93 | | 254,179.12 |
| September, 2027 | 254,179.12 | 159,085.75 | 138,010.96 | | 275,253.91 |
| October, 2027 | 275,253.91 | 156,606.75 | 151,041.16 | | 280,819.50 |
| November, 2027 | 280,819.50 | 157,316.75 | 195,466.02 | | 242,670.23 |
| December, 2027 | 242,670.23 | 177,586.75 | 138,890.96 | | 281,366.02 |
| **2027 Totals** | | **1,895,599.50** | **1,830,528.26** | | **281,366.02** |

**LOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION**
**Profit & Loss Budget Overview**
January through December 2024

| | Jan 24 | Feb 24 | Mar 24 | Apr 24 | May 24 | Jun 24 | Jul 24 | Aug 24 | Sep 24 | Oct 24 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | | | |
| **Income** | | | | | | | | | | |
| 401 · REGULAR DUES - CLASS A | 89,663.00 | 89,663.00 | 89,663.00 | 89,663.00 | 89,663.00 | 89,663.00 | 96,388.00 | 96,388.00 | 96,388.00 | 96,388.00 |
| 402 · PERMIT FEES | 26,584.00 | 26,584.00 | 26,584.00 | 26,584.00 | 26,584.00 | 26,584.00 | 29,242.00 | 29,242.00 | 29,242.00 | 29,242.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 2,640.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| 404 · FINES | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 407 · INITIATION FEES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,500.00 | 0.00 | 0.00 | 0.00 |
| 409 · ACTIVE RETIRED DUES | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 | 0.00 | 100.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 6,534.00 | 6,582.00 | 6,582.00 | 6,582.00 | 6,582.00 | 6,582.00 | 6,728.00 | 6,728.00 | 6,728.00 | 6,728.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 6,500.00 | 7,000.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 | 9,000.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 26,486.42 | 24,040.00 | 15,040.00 | 4,040.00 | 4,550.00 | 4,550.00 | 14,040.00 | 4,040.00 | 4,550.00 | 4,040.00 |
| **Total Income** | 156,712.42 | 154,714.00 | 147,374.00 | 134,214.00 | 134,724.00 | 134,724.00 | 158,343.00 | 143,743.00 | 144,253.00 | 146,343.00 |
| **Gross Profit** | 156,712.42 | 154,714.00 | 147,374.00 | 134,214.00 | 134,724.00 | 134,724.00 | 158,343.00 | 143,743.00 | 144,253.00 | 146,343.00 |
| **Expense** | | | | | | | | | | |
| 500 · PAYROLL | 36,634.00 | 47,944.00 | 41,995.00 | 36,716.00 | 42,830.00 | 54,516.00 | 36,333.00 | 43,881.00 | 37,650.00 | 37,650.00 |
| 506 · MILEAGE & PER DIEM | 400.00 | 400.00 | 500.00 | 400.00 | 500.00 | 22,021.00 | 400.00 | 500.00 | 400.00 | 400.00 |
| 508 · AFFILIATION FEES | 34,000.00 | 34,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| 510 · UTILITIES & TELEPHONE | 6,000.00 | 6,000.00 | 6,500.00 | 6,000.00 | 6,000.00 | 6,500.00 | 6,000.00 | 6,000.00 | 6,500.00 | 6,000.00 |
| 511 · HALL/BUILDING EXPENSES | 8,000.00 | 10,000.00 | 5,000.00 | 8,000.00 | 5,000.00 | 5,500.00 | 8,000.00 | 5,000.00 | 6,000.00 | 8,000.00 |
| 512 · JOINT DISPATCH EXPENSES | 20,000.00 | 19,000.00 | 19,000.00 | 19,000.00 | 19,000.00 | 19,000.00 | 21,000.00 | 21,000.00 | 21,000.00 | 21,000.00 |
| 513 · RENT EXPENSE (Rent) | 7,560.00 | 7,787.00 | 7,787.00 | 7,787.00 | 7,787.00 | 7,787.00 | 7,787.00 | 7,787.00 | 7,787.00 | 7,787.00 |
| 514 · MEETING EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 350.00 | 400.00 | 200.00 | 0.00 | 400.00 | 0.00 |
| 515 · DEATH BENEFITS | 0.00 | 300.00 | 0.00 | 300.00 | 300.00 | 0.00 | 300.00 | 300.00 | 0.00 | 300.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 3,663.40 | 4,794.00 | 4,195.00 | 3,671.60 | 4,283.00 | 5,451.60 | 3,633.30 | 4,388.00 | 3,765.00 | 3,765.00 |
| 521 · PROPERTY TAXES (Property Taxes) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 522 · INSURANCE (Insurance) | 12,955.00 | 11,890.00 | 14,350.00 | 12,875.00 | 18,080.00 | 12,080.00 | 12,730.00 | 12,943.00 | 12,080.00 | 13,593.00 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 4,500.00 | 6,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 210.00 | 0.00 | 0.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 531 · MISCELLANEOUS EXPENSES (Miscellaneous) | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| **Total Expense** | 131,412.40 | 148,815.00 | 140,027.00 | 128,949.60 | 138,330.00 | 167,455.60 | 130,583.30 | 136,209.00 | 129,782.00 | 132,695.00 |
| **Net Ordinary Income** | 25,300.02 | 5,899.00 | 7,347.00 | 5,264.40 | -3,606.00 | -32,731.60 | 27,759.70 | 7,534.00 | 14,471.00 | 13,648.00 |
| Plan Payments | | | | | 25,000.00 | | 216,857.00 | | | |
| **Net Income** | 25,300.02 | 5,899.00 | 7,347.00 | 5,264.40 | -28,606.00 | -32,731.60 | -189,097.30 | 7,534.00 | 14,471.00 | 13,648.00 |

Case 23-32366-pcm11    Doc 77    Filed 01/16/24

# ILOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION
## Profit & Loss Budget Overview
### January through December 2024

| | Nov 24 | Dec 24 | TOTAL Jan - Dec 24 |
|---|---|---|---|
| **Ordinary Income/Expense** | | | |
| **Income** | | | |
| 401 · REGULAR DUES - CLASS A | 96,388.00 | 96,388.00 | 1,116,306.00 |
| 402 · PERMIT FEES | 29,242.00 | 29,242.00 | 334,956.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 7,920.00 |
| 404 · FINES | 300.00 | 300.00 | 3,600.00 |
| 407 · INITIATION FEES | 0.00 | 0.00 | 4,500.00 |
| 409 · ACTIVE RETIRED DUES | 300.00 | 100.00 | 700.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 6,728.00 | 6,728.00 | 79,812.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 6,500.00 | 24,000.00 | 98,500.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 780.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 4,040.00 | 4,550.00 | 113,966.42 |
| **Total Income** | 144,043.00 | 161,853.00 | 1,761,040.42 |
| **Gross Profit** | 144,043.00 | 161,853.00 | 1,761,040.42 |
| **Expense** | | | |
| 500 · PAYROLL | 43,881.00 | 37,650.00 | 497,680.00 |
| 506 · MILEAGE & PER DIEM | 500.00 | 400.00 | 26,821.00 |
| 508 · AFFILIATION FEES | 32,000.00 | 32,000.00 | 388,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,000.00 | 2,000.00 | 24,000.00 |
| 510 · UTILITIES & TELEPHONE | 6,000.00 | 6,500.00 | 74,000.00 |
| 511 · HALL/BUILDING EXPENSES | 5,000.00 | 5,000.00 | 78,500.00 |
| 512 · JOINT DISPATCH EXPENSES | 21,000.00 | 21,000.00 | 241,000.00 |
| 513 · RENT EXPENSE (Rent) | 7,787.00 | 7,787.00 | 93,217.00 |
| 514 · MEETING EXPENSE | 400.00 | 950.00 | 2,700.00 |
| 515 · DEATH BENEFITS | 300.00 | 300.00 | 2,400.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 4,388.00 | 3,765.00 | 49,762.90 |
| 521 · PROPERTY TAXES (Property Taxes) | 47,009.08 | 0.00 | 47,009.08 |
| 522 · INSURANCE (Insurance) | 17,694.00 | 12,194.00 | 163,464.00 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 0.00 | 11,210.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 |
| 531 · MISCELLANEOUS EXPENSES (Miscellaneous) | 200.00 | 200.00 | 2,400.00 |
| **Total Expense** | 188,159.08 | 129,746.00 | 1,702,163.98 |
| **Net Ordinary Income** | -44,116.08 | 32,107.00 | 58,876.44 |
| **Plan Payments** | | | 241,857.00 |
| **Net Income** | **-44,116.08** | **32,107.00** | **-182,980.56** |

# LOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION
## Profit & Loss Budget Overview
### January through December 2025

| | Jan 25 | Feb 25 | Mar 25 | Apr 25 | May 25 | Jun 25 | Jul 25 | Aug 25 |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| **Income** | | | | | | | | |
| 401 · REGULAR DUES - CLASS A | 96,388.00 | 96,388.00 | 96,388.00 | 96,388.00 | 96,388.00 | 96,388.00 | 99,280.00 | 99,280.00 |
| 402 · PERMIT FEES | 29,242.00 | 29,242.00 | 29,242.00 | 29,242.00 | 29,242.00 | 29,242.00 | 30,119.00 | 30,119.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 2,640.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| 404 · FINES | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 407 · INITIATION FEES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | 0.00 | 0.00 |
| 409 · ACTIVE RETIRED DUES | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 6,728.00 | 6,728.00 | 6,728.00 | 6,728.00 | 6,778.00 | 6,778.00 | 6,928.00 | 6,928.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 6,600.00 | 8,300.00 | 6,600.00 | 6,600.00 | 6,600.00 | 6,600.00 | 6,600.00 | 6,600.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 4,550.00 | 4,040.00 | 4,040.00 | 4,550.00 | 4,040.00 | 4,550.00 | 11,000.00 | 4,040.00 |
| **Total Income** | 144,453.00 | 145,543.00 | 146,003.00 | 144,353.00 | 143,893.00 | 144,803.00 | 154,872.00 | 147,812.00 |
| **Gross Profit** | 144,453.00 | 145,543.00 | 146,003.00 | 144,353.00 | 143,893.00 | 144,803.00 | 154,872.00 | 147,812.00 |
| **Expense** | | | | | | | | |
| 530 · BUILDING MAINTENANCE FUND (BUILDING MAINTENANCE RESERVE) | 206.00 | 206.00 | 206.00 | 206.00 | 206.00 | 206.00 | 206.00 | 206.00 |
| 500 · PAYROLL | 45,197.00 | 49,090.00 | 35,885.00 | 36,475.00 | 45,934.00 | 45,690.00 | 37,808.00 | 47,033.00 |
| 506 · MILEAGE & PER DIEM | 400.00 | 400.00 | 500.00 | 400.00 | 500.00 | 9,400.00 | 400.00 | 500.00 |
| 508 · AFFILIATION FEES | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,060.00 | 2,060.00 | 2,060.00 | 2,060.00 | 2,060.00 | 2,060.00 | 2,060.00 | 2,060.00 |
| 510 · UTILITIES & TELEPHONE | 6,550.00 | 6,550.00 | 7,000.00 | 6,550.00 | 6,550.00 | 7,000.00 | 6,550.00 | 6,550.00 |
| 511 · HALL/BUILDING EXPENSES | 8,240.00 | 10,300.00 | 5,150.00 | 8,240.00 | 5,150.00 | 5,500.00 | 8,240.00 | 5,150.00 |
| 512 · JOINT DISPATCH EXPENSES | 21,000.00 | 21,000.00 | 21,000.00 | 21,000.00 | 21,000.00 | 21,000.00 | 21,000.00 | 21,000.00 |
| 513 · RENT EXPENSE (Rent) | 7,787.00 | 8,020.00 | 8,020.00 | 8,020.00 | 8,020.00 | 8,020.00 | 8,020.00 | 8,020.00 |
| 514 · MEETING EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 350.00 | 400.00 | 200.00 | 0.00 |
| 515 · DEATH BENEFITS | 0.00 | 300.00 | 0.00 | 300.00 | 300.00 | 0.00 | 300.00 | 300.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 4,520.00 | 4,909.00 | 3,589.00 | 3,648.00 | 4,593.00 | 4,569.00 | 3,780.00 | 4,703.00 |
| 521 · PROPERTY TAXES (Property Taxes) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 522 · INSURANCE (Insurance) | 10,804.00 | 10,421.20 | 13,646.20 | 10,804.00 | 16,769.40 | 11,676.20 | 10,589.40 | 10,589.40 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 4,635.00 | 6,695.00 | 0.00 | 0.00 | 0.00 | 0.00 | 210.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Expense** | 138,764.00 | 149,891.20 | 135,751.20 | 129,703.00 | 143,432.40 | 147,521.20 | 131,153.40 | 138,321.40 |
| **Net Ordinary Income** | 5,689.00 | -4,348.20 | 10,251.80 | 14,650.00 | 460.60 | -2,718.20 | 23,718.60 | 9,490.60 |
| **Net Income** | 5,689.00 | -4,348.20 | 10,251.80 | 14,650.00 | 460.60 | -2,718.20 | 23,718.60 | 9,490.60 |

Case 23-32366-pcm11   Doc 77   Filed 01/16/24

# LOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION
## Profit & Loss Budget Overview
### January through December 2025

| | Sep 25 | Oct 25 | Nov 25 | Dec 25 | TOTAL Jan - Dec 25 |
|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | |
| **Income** | | | | | |
| 401 · REGULAR DUES - CLASS A | 99,280.00 | 99,280.00 | 99,280.00 | 99,280.00 | 1,174,008.00 |
| 402 · PERMIT FEES | 30,119.00 | 30,119.00 | 30,119.00 | 30,119.00 | 356,166.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 480.00 | 480.00 | 7,920.00 |
| 404 · FINES | 300.00 | 300.00 | 300.00 | 300.00 | 3,600.00 |
| 407 · INITIATION FEES | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 |
| 409 · ACTIVE RETIRED DUES | 0.00 | 100.00 | 300.00 | 100.00 | 700.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 6,928.00 | 6,928.00 | 6,928.00 | 6,928.00 | 82,036.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 6,600.00 | 9,000.00 | 6,600.00 | 24,750.00 | 101,450.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 65.00 | 65.00 | 780.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 4,550.00 | 4,040.00 | 4,040.00 | 4,550.00 | 57,990.00 |
| **Total Income** | 148,322.00 | 150,312.00 | 148,112.00 | 166,572.00 | 1,785,050.00 |
| **Gross Profit** | 148,322.00 | 150,312.00 | 148,112.00 | 166,572.00 | 1,785,050.00 |
| **Expense** | | | | | |
| 530 · BUILDING MAINTENANCE FUND (BUILDING MAINTENANCE RESERVE) | 206.00 | 206.00 | 206.00 | 206.00 | 2,472.00 |
| 500 · PAYROLL | 37,808.00 | 47,033.00 | 37,808.00 | 37,808.00 | 503,569.00 |
| 506 · MILEAGE & PER DIEM | 400.00 | 400.00 | 500.00 | 400.00 | 14,200.00 |
| 508 · AFFILIATION FEES | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 384,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,060.00 | 2,060.00 | 2,060.00 | 2,060.00 | 24,720.00 |
| 510 · UTILITIES & TELEPHONE | 7,000.00 | 6,550.00 | 6,550.00 | 7,000.00 | 80,400.00 |
| 511 · HALL/BUILDING EXPENSES | 6,345.00 | 8,240.00 | 5,150.00 | 5,150.00 | 80,855.00 |
| 512 · JOINT DISPATCH EXPENSES | 21,000.00 | 21,000.00 | 21,000.00 | 21,000.00 | 252,000.00 |
| 513 · RENT EXPENSE (Rent) | 8,020.00 | 8,020.00 | 8,020.00 | 8,020.00 | 96,007.00 |
| 514 · MEETING EXPENSE | 400.00 | 0.00 | 400.00 | 950.00 | 2,700.00 |
| 515 · DEATH BENEFITS | 300.00 | 0.00 | 300.00 | 300.00 | 2,400.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 3,780.00 | 4,703.00 | 3,780.00 | 3,780.00 | 50,354.00 |
| 521 · PROPERTY TAXES (Property Taxes) | 0.00 | 0.00 | 48,419.00 | 0.00 | 48,419.00 |
| 522 · INSURANCE (Insurance) | 11,676.20 | 10,589.40 | 16,254.40 | 11,676.20 | 145,496.00 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 0.00 | 0.00 | 0.00 | 11,540.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Expense** | 130,995.20 | 140,801.40 | 182,447.40 | 130,350.20 | 1,699,132.00 |
| **Net Ordinary Income** | 17,326.80 | 9,510.60 | -34,335.40 | 36,221.80 | 85,918.00 |
| **Net Income** | 17,326.80 | 9,510.60 | -34,335.40 | 36,221.80 | 85,918.00 |

Case 23-32366-pcm11    Doc 77    Filed 01/16/24

# LOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION
## Profit & Loss Budget Overview
### January through December 2026

| | Jan 26 | Feb 26 | Mar 26 | Apr 26 | May 26 | Jun 26 | Jul 26 | Aug 26 |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| **Income** | | | | | | | | |
| 401 · REGULAR DUES - CLASS A | 99,280.00 | 99,280.00 | 99,280.00 | 99,280.00 | 99,280.00 | 99,280.00 | 102,258.00 | 102,258.00 |
| 402 · PERMIT FEES | 30,119.00 | 30,119.00 | 30,119.00 | 30,119.00 | 30,119.00 | 30,119.00 | 31,022.00 | 31,022.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 2,640.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| 404 · FINES | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 407 · INITIATION FEES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,900.00 | 0.00 |
| 409 · ACTIVE RETIRED DUES | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 6,928.00 | 6,928.00 | 6,928.00 | 6,928.00 | 6,980.00 | 6,980.00 | 7,134.00 | 7,134.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 6,800.00 | 8,500.00 | 6,800.00 | 6,800.00 | 6,800.00 | 6,800.00 | 6,800.00 | 6,800.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 4,040.00 | 4,040.00 | 4,550.00 | 4,040.00 | 4,040.00 | 4,550.00 | 14,040.00 | 4,040.00 |
| **Total Income** | 148,112.00 | 149,712.00 | 150,682.00 | 148,012.00 | 148,064.00 | 148,574.00 | 165,099.00 | 152,099.00 |
| **Gross Profit** | 148,112.00 | 149,712.00 | 150,682.00 | 148,012.00 | 148,064.00 | 148,574.00 | 165,099.00 | 152,099.00 |
| **Expense** | | | | | | | | |
| 530 · BUILDING MAINTENANCE FUND (BUILDING MAINTENANCE RESERVE) | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 |
| 500 · PAYROLL | 47,033.00 | 49,178.00 | 37,808.00 | 38,106.00 | 47,405.00 | 47,321.00 | 38,990.00 | 48,503.00 |
| 506 · MILEAGE & PER DIEM | 500.00 | 400.00 | 400.00 | 400.00 | 500.00 | 400.00 | 9,409.00 | 500.00 |
| 508 · AFFILIATION FEES | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,120.00 | 2,120.00 | 2,120.00 | 2,120.00 | 2,120.00 | 2,120.00 | 2,120.00 | 2,120.00 |
| 510 · UTILITIES & TELEPHONE | 6,750.00 | 6,750.00 | 7,200.00 | 6,750.00 | 6,750.00 | 7,200.00 | 6,750.00 | 6,750.00 |
| 511 · HALL/BUILDING EXPENSES | 8,475.00 | 10,500.00 | 5,304.00 | 8,475.00 | 5,304.00 | 5,665.00 | 8,475.00 | 5,304.00 |
| 512 · JOINT DISPATCH EXPENSES | 22,050.00 | 22,050.00 | 22,050.00 | 22,050.00 | 22,050.00 | 22,050.00 | 22,050.00 | 22,050.00 |
| 513 · RENT EXPENSE (Rent) | 8,020.00 | 8,260.00 | 8,260.00 | 8,260.00 | 8,260.00 | 8,260.00 | 8,260.00 | 8,260.00 |
| 514 · MEETING EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 350.00 | 400.00 | 200.00 | 0.00 |
| 515 · DEATH BENEFITS | 300.00 | 300.00 | 0.00 | 300.00 | 300.00 | 0.00 | 300.00 | 300.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 4,703.30 | 4,917.80 | 3,780.80 | 3,810.60 | 4,740.50 | 4,732.10 | 3,899.10 | 4,850.30 |
| 521 · PROPERTY TAXES (Property Taxes) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 522 · INSURANCE (Insurance) | 13,640.00 | 12,762.44 | 16,084.44 | 17,640.00 | 20,070.00 | 14,836.56 | 13,174.00 | 13,174.00 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 4,774.00 | 6,896.00 | 0.00 | 0.00 | 0.00 | 0.00 | 210.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Expense** | 145,801.30 | 154,222.24 | 142,113.24 | 140,121.60 | 150,059.50 | 145,194.66 | 145,837.10 | 144,231.30 |
| **Net Ordinary Income** | 2,310.70 | -4,510.24 | 8,568.76 | 7,890.40 | -1,995.50 | 3,379.34 | 19,261.90 | 7,867.70 |
| **Net Income** | 2,310.70 | -4,510.24 | 8,568.76 | 7,890.40 | -1,995.50 | 3,379.34 | 19,261.90 | 7,867.70 |

Case 23-32366-pcm11    Doc 77    Filed 01/16/24

# LOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION
## Profit & Loss Budget Overview
### January through December 2026

| | Sep 26 | Oct 26 | Nov 26 | Dec 26 | TOTAL Jan - Dec 26 |
|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | |
| **Income** | | | | | |
| 401 · REGULAR DUES - CLASS A | 102,258.00 | 102,258.00 | 102,258.00 | 102,258.00 | 1,209,228.00 |
| 402 · PERMIT FEES | 31,022.00 | 31,022.00 | 31,022.00 | 31,022.00 | 366,846.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 480.00 | 480.00 | 7,920.00 |
| 404 · FINES | 300.00 | 300.00 | 300.00 | 300.00 | 3,600.00 |
| 407 · INITIATION FEES | 200.00 | 0.00 | 0.00 | 2,100.00 | 5,200.00 |
| 409 · ACTIVE RETIRED DUES | 0.00 | 100.00 | 300.00 | 100.00 | 700.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 7,134.00 | 7,134.00 | 7,134.00 | 7,134.00 | 84,476.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 9,300.00 | 6,800.00 | 6,800.00 | 26,000.00 | 105,000.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 65.00 | 65.00 | 780.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 4,550.00 | 4,040.00 | 4,040.00 | 4,550.00 | 60,520.00 |
| **Total Income** | 155,309.00 | 152,199.00 | 152,399.00 | 174,009.00 | 1,844,270.00 |
| **Gross Profit** | 155,309.00 | 152,199.00 | 152,399.00 | 174,009.00 | 1,844,270.00 |
| **Expense** | | | | | |
| 530 · BUILDING MAINTENANCE FUND (BUILDING MAINTENANCE RESERVE) | 210.00 | 210.00 | 210.00 | 210.00 | 2,520.00 |
| 500 · PAYROLL | 38,990.00 | 48,503.00 | 38,990.00 | 38,990.00 | 519,817.00 |
| 506 · MILEAGE & PER DIEM | 400.00 | 500.00 | 400.00 | 400.00 | 14,209.00 |
| 508 · AFFILIATION FEES | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 384,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,120.00 | 2,120.00 | 2,120.00 | 2,120.00 | 25,440.00 |
| 510 · UTILITIES & TELEPHONE | 7,200.00 | 6,750.00 | 6,750.00 | 7,200.00 | 82,800.00 |
| 511 · HALL/BUILDING EXPENSES | 5,665.00 | 8,490.00 | 5,304.00 | 5,304.00 | 82,265.00 |
| 512 · JOINT DISPATCH EXPENSES | 22,050.00 | 22,050.00 | 22,050.00 | 22,050.00 | 264,600.00 |
| 513 · RENT EXPENSE (Rent) | 8,260.00 | 8,260.00 | 8,260.00 | 8,260.00 | 98,880.00 |
| 514 · MEETING EXPENSE | 400.00 | 0.00 | 400.00 | 950.00 | 2,700.00 |
| 515 · DEATH BENEFITS | 0.00 | 0.00 | 300.00 | 300.00 | 2,400.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 3,899.10 | 4,850.30 | 3,899.10 | 3,899.10 | 51,982.10 |
| 521 · PROPERTY TAXES (Property Taxes) | 0.00 | 0.00 | 49,872.00 | 0.00 | 49,872.00 |
| 522 · INSURANCE (Insurance) | 14,836.56 | 13,174.00 | 19,009.00 | 14,836.56 | 183,237.56 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 0.00 | 0.00 | 0.00 | 11,880.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Expense** | 136,030.66 | 146,907.30 | 189,564.10 | 136,519.66 | 1,776,602.66 |
| **Net Ordinary Income** | 19,278.34 | 5,291.70 | -37,165.10 | 37,489.34 | 67,667.34 |
| **Net Income** | 19,278.34 | 5,291.70 | -37,165.10 | 37,489.34 | 67,667.34 |

# LOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION
## Profit & Loss Budget Overview
### January through December 2027

| | Jan 27 | Feb 27 | Mar 27 | Apr 27 | May 27 | Jun 27 | Jul 27 | Aug 27 |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| **Income** | | | | | | | | |
| 401 · REGULAR DUES - CLASS A | 102,258.00 | 102,258.00 | 102,258.00 | 102,258.00 | 102,258.00 | 102,258.00 | 105,325.75 | 105,325.75 |
| 402 · PERMIT FEES | 31,022.00 | 31,022.00 | 31,022.00 | 31,022.00 | 31,022.00 | 31,022.00 | 31,950.00 | 31,950.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 2,640.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| 404 · FINES | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 407 · INITIATION FEES | 200.00 | 0.00 | 0.00 | 0.00 | 1,800.00 | 400.00 | 0.00 | 0.00 |
| 409 · ACTIVE RETIRED DUES | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 7,134.00 | 7,134.00 | 7,134.00 | 7,134.00 | 7,187.00 | 7,187.00 | 7,346.00 | 7,346.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 7,000.00 | 8,800.00 | 7,000.00 | 7,000.00 | 7,000.00 | 7,000.00 | 7,000.00 | 7,000.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 4,040.00 | 4,550.00 | 4,040.00 | 4,040.00 | 4,550.00 | 4,040.00 | 14,040.00 | 4,550.00 |
| **Total Income** | 152,599.00 | 154,609.00 | 154,459.00 | 152,299.00 | 154,662.00 | 152,752.00 | 166,606.75 | 157,016.75 |
| **Gross Profit** | 152,599.00 | 154,609.00 | 154,459.00 | 152,299.00 | 154,662.00 | 152,752.00 | 166,606.75 | 157,016.75 |
| **Expense** | | | | | | | | |
| 530 · BUILDING MAINTENANCE FUND (BUILDING MAINTENANCE RESERVE) | 216.00 | 216.00 | 216.00 | 216.00 | 216.00 | 216.00 | 216.00 | 216.00 |
| 500 · PAYROLL | 48,503.00 | 53,114.00 | 38,990.00 | 49,638.00 | 39,638.00 | 59,082.00 | 50,737.00 | 40,525.00 |
| 506 · MILEAGE & PER DIEM | 500.00 | 400.00 | 0.00 | 500.00 | 400.00 | 9,950.00 | 500.00 | 400.00 |
| 508 · AFFILIATION FEES | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 |
| 510 · UTILITIES & TELEPHONE | 6,950.00 | 6,950.00 | 7,416.00 | 6,950.00 | 6,950.00 | 7,416.00 | 6,950.00 | 6,950.00 |
| 511 · HALL/BUILDING EXPENSES | 8,730.00 | 10,820.00 | 5,465.00 | 8,730.00 | 5,465.00 | 5,835.00 | 8,730.00 | 5,465.00 |
| 512 · JOINT DISPATCH EXPENSES | 22,715.00 | 22,715.00 | 22,715.00 | 22,715.00 | 22,715.00 | 22,715.00 | 22,715.00 | 22,715.00 |
| 513 · RENT EXPENSE (Rent) | 8,260.00 | 8,507.00 | 8,507.00 | 8,507.00 | 8,507.00 | 8,507.00 | 8,507.00 | 8,507.00 |
| 514 · MEETING EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 350.00 | 400.00 | 200.00 | 0.00 |
| 515 · DEATH BENEFITS | 300.00 | 300.00 | 0.00 | 300.00 | 300.00 | 0.00 | 300.00 | 300.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 4,050.30 | 5,311.40 | 3,899.00 | 4,963.80 | 3,963.80 | 5,908.20 | 5,073.70 | 4,052.50 |
| 521 · PROPERTY TAXES (Property Taxes) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 522 · INSURANCE (Insurance) | 12,287.56 | 13,336.00 | 15,708.56 | 16,287.56 | 21,476.43 | 14,160.46 | 13,428.46 | 14,373.43 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 0.00 | 5,000.00 | 7,100.00 | 0.00 | 0.00 | 0.00 | 210.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Expense** | 146,695.86 | 155,853.40 | 142,500.56 | 160,091.36 | 144,165.23 | 168,373.66 | 151,541.16 | 137,897.93 |
| **Net Ordinary Income** | 5,903.14 | -1,244.40 | 11,958.44 | -7,792.36 | 10,496.77 | -15,621.66 | 15,065.59 | 19,118.82 |
| **Net Income** | 5,903.14 | -1,244.40 | 11,958.44 | -7,792.36 | 10,496.77 | -15,621.66 | 15,065.59 | 19,118.82 |

# LOCAL 8, INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION
## Profit & Loss Budget Overview
### January through December 2027

| | Sep 27 | Oct 27 | Nov 27 | Dec 27 | TOTAL Jan - Dec 27 |
|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | |
| **Income** | | | | | |
| 401 · REGULAR DUES - CLASS A | 105,325.75 | 105,325.75 | 105,325.75 | 105,325.75 | 1,245,502.50 |
| 402 · PERMIT FEES | 31,950.00 | 31,950.00 | 31,950.00 | 31,950.00 | 377,832.00 |
| 403 · OTHER DIVISIONS | 480.00 | 480.00 | 480.00 | 480.00 | 7,920.00 |
| 404 · FINES | 300.00 | 300.00 | 300.00 | 300.00 | 3,600.00 |
| 407 · INITIATION FEES | 0.00 | 0.00 | 0.00 | 1,200.00 | 3,600.00 |
| 409 · ACTIVE RETIRED DUES | 0.00 | 100.00 | 300.00 | 100.00 | 700.00 |
| 410 · BOOK CHARGES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 · RENTAL INCOME | 7,346.00 | 7,346.00 | 7,346.00 | 7,346.00 | 86,986.00 |
| 414 · DONATIONS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415 · JOINT COMMITTEE REIMB | 9,579.00 | 7,000.00 | 7,000.00 | 26,780.00 | 108,159.00 |
| 417 · INTEREST INCOME (Interest Income) | 65.00 | 65.00 | 65.00 | 65.00 | 780.00 |
| 418 · RIDE & RAFFLE PROCEEDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 420 · MISCELLANEOUS INCOME | 4,040.00 | 4,040.00 | 4,550.00 | 4,040.00 | 60,520.00 |
| **Total Income** | 159,085.75 | 156,606.75 | 157,316.75 | 177,586.75 | 1,895,599.50 |
| **Gross Profit** | 159,085.75 | 156,606.75 | 157,316.75 | 177,586.75 | 1,895,599.50 |
| **Expense** | | | | | |
| 530 · BUILDING MAINTENANCE FUND (BUILDING MAINTENANCE RESERVE) | 216.00 | 216.00 | 216.00 | 216.00 | 2,592.00 |
| 500 · PAYROLL | 40,525.00 | 50,737.00 | 40,525.00 | 40,525.00 | 552,539.00 |
| 506 · MILEAGE & PER DIEM | 400.00 | 500.00 | 400.00 | 400.00 | 14,750.00 |
| 508 · AFFILIATION FEES | 32,000.00 | 32,000.00 | 32,000.00 | 32,000.00 | 384,000.00 |
| 509 · OFFICE SUPPLIES (Office Supplies) | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 26,208.00 |
| 510 · UTILTIES & TELEPHONE | 7,416.00 | 6,950.00 | 6,950.00 | 7,416.00 | 85,264.00 |
| 511 · HALL/BUILDING EXPENSES | 5,835.00 | 8,730.00 | 5,465.00 | 5,465.00 | 84,735.00 |
| 512 · JOINT DISPATCH EXPENSES | 22,715.00 | 22,715.00 | 22,715.00 | 22,715.00 | 272,580.00 |
| 513 · RENT EXPENSE (Rent) | 8,507.00 | 8,507.00 | 8,507.00 | 8,507.00 | 101,837.00 |
| 514 · MEETING EXPENSE | 0.00 | 0.00 | 400.00 | 950.00 | 2,300.00 |
| 515 · DEATH BENEFITS | 0.00 | 0.00 | 300.00 | 300.00 | 2,400.00 |
| 516 · FLOWER EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 517 · DONATIONS & CONTRIBUTIONS (Contributions) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 520 · PAYROLL TAX EXPENSE (Taxes) | 4,052.50 | 5,073.70 | 4,052.50 | 4,052.50 | 54,453.90 |
| 521 · PROPERTY TAXES (Property Taxes) | 0.00 | 0.00 | 51,368.09 | 0.00 | 51,368.09 |
| 522 · INSURANCE (Insurance) | 14,160.46 | 13,428.46 | 20,383.43 | 14,160.46 | 183,191.27 |
| 525 · PROFESSIONAL FEES (Professional Fees) | 0.00 | 0.00 | 0.00 | 0.00 | 12,310.00 |
| 526 · REIMBURSED EXPENSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 527 · PICNIC EXPENSES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Expense** | 138,010.96 | 151,041.16 | 195,466.02 | 138,890.96 | 1,830,528.26 |
| **Net Ordinary Income** | 21,074.79 | 5,565.59 | -38,149.27 | 38,695.79 | 65,071.24 |
| **Net Income** | 21,074.79 | 5,565.59 | -38,149.27 | 38,695.79 | 65,071.24 |

# EXHIBIT C:
## ASSUMPTION AND/OR REJECTION OF DEBTOR'S
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name of Counterparty and Address | Contract/Lease Description | Assume or Reject | Cure Amount |
|---|---|---|---|
| American Bankers Insurance Company<br>PO Box 731178<br>Dallas, TX 75373 | Flood Insurance Contract Building #2 CU | Assume | None |
| American Bankers Insurance Company<br>PO Box 731178<br>Dallas, TX 75373 | Flood Insurance Contract Main Building | Assume | None |
| Arrow Sanitary Service<br>PO Box 74280<br>Pasadena, CA 91109-7428 | Garbage Service Contract | Assume | None |
| Ash Grove Cement Company<br>13939 N River Gate Blvd.<br>Portland, OR 97203 | Collective Bargaining Agreement | Assume | None |
| City of Portland - Police Alarm<br>PO Box 5599<br>Portland, OR 97208 | Alarm Permit | Assume | None |
| Clark County, Washington<br>Attn: Human Resources<br>PO Box 5000<br>Vancouver, WA 98666 | Medical Examiner's Unit Agreement | Assume | None |
| Coast Longshore Division<br>1188 Franklin Street<br>San Francisco, CA 94109 | Labor Organization Bond contract | Assume | None |
| Columbia Export Terminal, LLC<br>15660 N. Lombard<br>Portland, OR 97203 | Grain Handler's Agreement | Assume | None |
| Columbia River Pensioners Memorial Association<br>2435 NW Front Avenue<br>Portland, OR 97209 | Building lease to Debtor as lessee from Columbia River Pensioners as lessor | Assume | None |
| Columbia River Pensioners Memorial Association<br>2435 NW Front Avenue<br>Portland, OR 97209 | Office sublease from Debtor as sublessor to Columbia River Pensioners as sublessee | Assume | None |
| First Choice Coffee Service<br>313 SE Yamhill<br>Portland, OR 97214 | Coffee Equipment/ Supplies | Assume | None |
| GoToMyPC<br>851 W Cypress Creek Rd<br>Fort Lauderdale, FL 33309 | Remote Login Program Agreement | Assume | None |
| Inland Boatmen's Union of the Pacific<br>2435 NW Front Ave.<br>Portland, OR 97209 | Office sublease from Debtor as sublessor to IBU as sublessee | Assume | None |
| International Longshore & Warehouse Union, Local 28<br>2435 NW Front Ave.<br>Portland, OR 97209 | Office sublease from Debtor as sublessor to Local 28 as sublessee | Assume | None |

Exhibit C
Page 1 of 3

Case 23-32366-pcm11   Doc 77   Filed 01/16/24

| | | | |
|---|---|---|---|
| International Raw Materials, Ltd.<br>600 Chestnut St Ste 800<br>Philadelphia, PA 19106 | Collective Bargaining<br>Agreement | Assume | None |
| Intuit<br>PO Box 34328<br>Seattle, WA 98124 | Accounting Software<br>Program | Assume | None |
| Johnson Controls Security System<br>PO Box 371967<br>Pittsburgh, PA 15250-7967 | Fire Alarm Monitoring<br>Services | Assume | None |
| Lifeready 360<br>3597 E Monarch Sky Ln #200<br>Meridian, ID 83646 | AED Equipment<br>Certification Agreement | Assume | None |
| Local 11 Health Funds<br>PO Box 515199<br>Los Angeles, CA 90051-5199 | Employee Health 401K<br>Contribution Plans | Assume | None |
| MC Landscaping LLC<br>12065 SW Gault<br>Beaverton, OR 97008 | Landscaping Maintenance<br>Contract | Assume | None |
| Northwest Industrial Business Association<br>1125 Madison Suite 112<br>Portland, OR 97214 | Membership Affiliation | Assume | None |
| OPEIU Local 11<br>3815 Columbia Street<br>Vancouver, WA 98660 | Collective Bargaining<br>Agreement | Assume | None |
| Oregon Mutual Group<br>PO Box 3900<br>Portland, OR 97208-3900 | Liability Insurance<br>Agreement | Assume | None |
| Pacific Maritime Association<br>101 SW Main Street, Suite 330<br>Portland, OR 97204 | Gearmen, Mechanics' &<br>Millwrights' Agreement | Assume | None |
| Pacific Maritime Association<br>101 SW Main Street, Suite 330<br>Portland, OR 97204 | Joint Dispatch Hall<br>Sublease from Debtor as<br>sublessor to PMA as<br>sublessee | Assume | None |
| Pacific Maritime Association<br>101 SW Main Street, Suite 330<br>Portland, OR 97204 | Longshore Working and<br>Dispatching Rules | Assume | None |
| Pavelcomm, Inc.<br>1640 N.W. 14th Ave<br>Portland, OR 97209 | Phone Equipment Service<br>Contract | Assume | None |
| Portland Lines Bureau<br>10240 SW Coquille Drive<br>Tualatin, OR 97062 | Portland/Vancouver<br>Linesmen Agreement | Assume | None |
| Portland Local 8 Federal Credit Union<br>2435 NW Front Avenue<br>Portland, OR 97209 | Sublease Agreement –<br>sublease from Debtor as<br>sublessor to Credit Union<br>and sublessee | Assume | None |
| SAIF Corporation<br>400 High Street St<br>Salem, OR 97312 | Workers Compensation<br>Insurance Policy | Assume | None |
| Servicemaster<br>PO Box 1213<br>Clackamas, OR 97015 | Janitorial Contract | Assume | None |

| | | | |
|---|---|---|---|
| Sprague<br>PO Box 2222<br>Tacoma, WA 98401-2222 | Pest/ Insect contract | Assume | None |
| Stat Pads LLC<br>13897 W. Wainwright<br>Boise, ID 83713 | AED Monitoring<br>agreement | Assume | None |
| Superior Underwriters<br>2002 156th Avenue NE, #201<br>Bellevue, WA 98007 | Liability Insurance<br>Contract | Assume | None |
| TEMCO, LLC<br>800 N River Street<br>Portland, OR 97227 | Grain Handlers Agreement | Assume | None |
| Trotter & Morton Facility<br>29755 SW Boones Ferry Road<br>Wilsonville, OR 97070 | HVAC Maintenance<br>contract | Assume | None |
| Unions-America.com<br>PO Box 3101<br>Clackamas, OR 97015 | Email/ Web Servicing<br>Agreement | Assume | None |
| US Bank Equipment Finance<br>PO Box 790448<br>Saint Louis, MO 63179 | Lease of copy machine | Assume | None |
| Western States OPEIU<br>555 Market Street, 3rd Floor<br>Portland, OR 97208-4800 | Labor Agreement/ Pension<br>Fund Contribution<br>Agreement | Assume | None |

Exhibit C
Page 3 of 3

Case 23-32366-pcm11    Doc 77    Filed 01/16/24