1  Susan S. Ford, OSB No. 842203
   Thomas W. Stilley, OSB No. 883167
2  Joshua G. Flood, OSB No. 223085
   SUSSMAN SHANK LLP
3  1000 SW Broadway, Suite 1400
   Portland, OR 97205-3089
4  Telephone: (503) 227-1111
   Facsimile: (503) 248-0130
5  E-Mail: sford@sussmanshank.com
            tstilley@sussmanshank.com
6           jflood@sussmanshank.com

7  Attorneys for Debtor and Debtor in Possession

8

9            IN THE UNITED STATES BANKRUPTCY COURT

10                      DISTRICT OF OREGON

11  In re                                )   Case No. 23-32366-pcm11
                                         )
12  Local 8, International Longshoremen's and )   MOTION TO APPROVE COMPROMISE
    Warehousemen's Union,                )   AND SETTLEMENT BETWEEN DEBTOR
13                                       )   AND ICTSI OREGON, INC.
                 Debtor.                 )
14                                       )
                                         )
15  _____ )

16                            **MOTION**

17          Debtor Local 8, International Longshoremen's and Warehousemen's Union ("Debtor" or

18  "Local 8") the debtor and debtor in possession in the above-captioned case (the "Chapter 11

19  Case"), files this motion (the "Motion") pursuant to Federal of Bankruptcy Procedure 9019,

20  approving the settlement and compromise reached between the Debtor and ICTSI Oregon, Inc.

21  ("ICTSI," and together with the Debtor, the "Parties") as set forth in the Parties' Mutual Release

22  Agreement (the "Settlement Agreement") attached hereto as Exhibit A.  In support of this Motion,

23  the Debtor respectfully states as follows:

24                          **BACKGROUND**

25          The Settlement Agreement documents the factual background of the disputes between the

26  Parties, as well as the resolution of all disputes asserted, related to, or which could have been

**Page 1 of 7** - MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN
DEBTOR AND ICTSI OREGON, INC.

1 asserted in this bankruptcy case or the district court proceeding pending in the United States

2 District Court for the District of Oregon under the caption *ICTSI Oregon, Inc. v. International*

3 *Longshore and Warehouse Union*, Case No. 3:12-cv-1058-SI (the "ICTSI Litigation"), the facts

4 asserted in the ICTSI Litigation, and Claim No. 3 filed in this case by ICTSI (the "Proof of Claim").

5         This Settlement Agreement and Motion follow filings and proceedings in the bankruptcy

6 case of the International Longshore and Warehouse Union (the "International" and the

7 "International Bankruptcy Case") in the U.S. Bankruptcy Court for the Northern District of

8 California, Case No. 23-30662. A similar settlement agreement was approved in that case on

9 February 22, 2024 [ECF No. 168]. The same day, the court in the International Bankruptcy Case

10 also entered an order dismissing that case [ECF No. 169].

11         As this Court is aware, this bankruptcy stemmed from the ICTSI Litigation. The ICTSI

12 Litigation commenced in June 2012 when the ILWU and Pacific Maritime Association filed a

13 complaint against ICTSI alleging that ICTSI was not in compliance with the collective bargaining

14 agreement covering ILWU longshore workers on the West Coast. ICTSI thereafter asserted

15 counterclaims against ILWU and Local 8 seeking damages for alleged unlawful labor practices. In

16 November 2019, a jury trial verdict was reached against the Debtor and ILWU for $93,635,000.

17         On March 5, 2020, the Oregon Court found the maximum damages supported by the weight

18 of the evidence admitted by the Oregon Court during the two-week trial was $19,061,248, and

19 ordered ICTSI to decide by March 19, 2020, whether it would accept that reduced amount of

20 damages, or retry the amount of damages. After ICTSI rejected the reduced damages amount, a

21 new trial on damages was scheduled to begin late February 2024, but has since been stayed by the

22 commencement of the Chapter 11 cases of the Debtor and ILWU.

23         On December 21, 2023, ICTSI filed a proof of claim in this case in the amount of

24 $209,172,004. ICTSI's asserted damages in the new trial are the basis for the ICTSI Proof of

25 Claim. On January 16, 2024 Local 8 filed its Plan of Reorganization for a Small Business Debtor

26 Under Chapter 11 [ECF No. 77] (the "Plan"). The Plan is set for a confirmation hearing on May 15,

**Page 2 of 7** - MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN
DEBTOR AND ICTSI OREGON, INC.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 23-32366-pcm11    Doc 94    Filed 03/15/24

1     2024 at 9:30 a.m. [ECF No. 80].

2         The Settlement Agreement fully resolves the long-standing disputes between the Parties.

3     Among other things, it requires the Parties to dismiss the ICTSI Litigation, obviates the need for

4     further discovery, and avoids the necessity of a contested confirmation hearing. The Settlement

5     Agreement is reasonable, was entered into in good faith, and is in the best interests of the estate

6     and its creditors, and the Debtor respectfully requests that the Court approve it.[1]

7                 **SETTLEMENT AND COMPROMISE[2]**

8         As set forth more fully in the Proposed Settlement Agreement, the Parties have agreed to

9     resolve their disputes on the following terms:

10         1.     Upon the effective date of the Settlement Agreement, ICTSI shall provide Local 8

11     with an executed Request for Dismissal to dismiss the ICTSI Litigation with prejudice with respect

12     to Local 8;

13         2.     Upon the effective date of the Settlement Agreement, the mutual releases and

14     related terms set forth in the Settlement Agreement will become effective;

15         3.     Each Party covenants not to use or disclose any Discovery Material; and

16         4.     Both Parties shall be bound by the mutual non-disparagement provision set forth in

17     the Settlement Agreement. The Settlement Agreement is part of a broader agreement between the

18     International, certain other organizations related to the International (not including Local 8), and

19     ICTSI. Those parties reached their agreement after mediation settlement conferences held on

20     January 5, 8, and 12, 2024 with the Honorable Neil W. Bason acting as mediator. The Settlement

21

22     _____

23     [1] Debtor understands that ICTSI supports approval of this Motion, but disagrees with several of
the facts, statements, and conclusions contained herein. Rather than describing those

24     disagreements, the Parties have agreed that, if the Settlement Agreement is not approved and the
Parties must return to litigation, nothing stated by the Debtor in this Motion shall prejudice ICTSI

25     in any way.

26     [2] The summarized terms of the Proposed Settlement Agreement set forth herein are provided for
illustrative purposes only. To the extent that any of these terms contradict the terms of the
Proposed Settlement Agreement, the Proposed Settlement Agreement shall control.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    Agreement is conditioned upon approval of the International's settlement agreement, dismissal of

2    the International Bankruptcy Case, and a settlement payment of $20.5 million to ICTSI by the

3    International, the ILWU Coast Longshore Division, and Pacific Longshoremen's Memorial

4    Association, Inc. As of the date of the filing of this Motion, those conditions have now been

5    satisfied. Under the Settlement Agreement, Local 8 is not required to make any payments to ICTSI.

6    **POINTS AND AUTHORITIES**

7    Upon motion and after notice and hearing, the Court may approve a compromise and

8    settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a). So long as a proposed

9    compromise and settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 is fair and

10    equitable, a bankruptcy court has substantial latitude in granting its approval. *See Martin v. Kane*

11    *(In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir 1986). The Court has routinely applied the

12    four-part test set forth in *A & C Properties*, which requires the Court to consider: (1) the probability

13    of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection;

14    (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily

15    attending it; and (4) the paramount interests of the creditors and a proper deference to their

16    reasonable views.  784 F.2d at 1381. Further, "[i]t is not necessary to satisfy each of these factors

17    provided that the factors as a whole favor approving the settlement." *In re Pac. Gas & Elec. Co.*,

18    304 B.R. 395, 417 (Bankr. N.D. Cal. 2004).

19    In approving a settlement, the Court need not conduct an exhaustive investigation of the

20    claims sought to be compromised. *See e.g.*, *In re Walsh Constr., Inc.*, 669 F.2d 1325, 1328 (9th

21    Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good

22    faith and is reasonable, fair, and equitable. *See e.g.*, *A & C Properties*, 784 F.2d at 1381; *In re*

23    *Churchfield*, 277 B.R. 769, 774 (Bankr. E.D. Cal. 2002). Accordingly, a settlement need only "be

24    in the best interests of the estate and 'reasonable, given the particular circumstances of the case.'"

25    *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc.)*,

26    292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) (citations omitted).

**Page 4 of 7** - MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND ICTSI OREGON, INC.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11   Doc 94   Filed 03/15/24

1         In applying *A&C Properties'* four factors, it is clear that the proposed settlement is fair,

2 equitable, and in the best interests of the Debtor's estate in this case.

3 **1.      Probability of Success**

4         The filing of the Debtor's bankruptcy case was triggered by long-running disputes between

5 the Parties. The proposed Settlement Agreement is part of a larger settlement approved in the

6 International Bankruptcy Case and resolves the need for this bankruptcy as well as the ICTSI

7 Litigation.

8         The probability of success for either party is highly uncertain. ICTSI asserts that absent

9 approval of this Settlement, it will contest Local 8's Plan of Reorganization.  At this juncture,

10 ICTSI has an unliquidated claim in what would otherwise be a heavily contested confirmation

11 hearing. ICTSI has previewed other highly contested issues it intends to litigate, including, but not

12 limited to, whether the estate has claims against third parties under theories of substantive

13 consolidation, alter ego, indemnification, and contribution. While Local 8 believes it would

14 ultimately succeed in confirming the Local 8 Plan without material modification, there is

15 uncertainty in any litigation and the potential for long and costly appeals. ICTSI is similarly

16 confident that it would prevail on its claims (if they were ultimately litigated on the merits), though

17 ICTSI acknowledges the uncertainty and costs that would accompany such litigation.

18         Continuing such fact intensive proceedings may also require this court to decide novel

19 questions of law. For example, the Ninth Circuit has authorized the substantive consolidation of

20 non-debtor *for profit* entities, *In re Bonham*, 229 F.3d 750, 763-65 (9th Cir. 2000), but it has never

21 ruled on the question of whether a bankruptcy court can substantively consolidate a non-debtor

22 *non-profit* third party with a debtor—which the Eighth Circuit  has held is prohibited. *See In re*

23 *Archdiocese of Saint Paul and Minneapolis*, 888 F.3d 944 (8th Cir. 2018).

24         Additionally, should this Court conclude that ICTSI's claim needs to be liquidated in the

25 ICTSI Litigation, there is a possibility that the damages award exceeds what the Local 8 would be

26 able to pay—especially after it expends its limited resources litigating that matter. By contrast, the

**Page 5 of 7** - MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN
DEBTOR AND ICTSI OREGON, INC.

1     Settlement Agreement provides an expedient, final resolution to both the issues in this bankruptcy

2     and the ICTSI Litigation which has been pending for the past decade.

3     **2.**     **Impediments to Collection**

4         This factor does not apply because Local 8 is not attempting to collect from ICTSI. To the

5     extent it does apply, it supports approval of the Settlement Agreement. Any attempts to collect by

6     ICTSI would be hampered by the amount of professional fees Local 8 would pay in the litigation

7     of ICTSI's claims.

8     **3.**     **Complexity, Expense, Inconvenience and Delay of Litigation**

9         The third factor — the complexity of the litigation involved, and the expense,

10     inconvenience, and delay attending to it — supports approval of the Settlement Agreement. As

11     discussed above, the Settlement Agreement resolves litigation that has been going on for over a

12     decade and now spans multiple courts. Both a contested confirmation hearing and the ICTSI

13     Litigation involve complex issues of facts and law. Significant resources would be required to

14     complete any discovery, prepare witnesses, prepare trial motions and confirmation briefing, and

15     to litigate a contested confirmation hearing. It is reasonable to expect that any party that suffers an

16     adverse result would appeal any such decision. As such, this factor weighs strongly in favor of

17     approving the Settlement Agreement.

18     **4.**     **The Paramount Interest of Creditors With Proper Deference to Their Reasonable Views**

19

20         The Settlement Agreement is in the best interest of creditors. ICTSI, the Debtor's largest

    creditor, has agreed to and supports approval of the Settlement Agreement. ICTSI, likewise, will

21     avoid the expense of further litigation which may dwarf any potential recovery it might receive

22     from Local 8. The Settlement Agreement resolving the ICTSI disputes will also allow for payment

23     in full of all of Local 8's other creditors in the ordinary course. Payment to non-ICTSI creditors is

24     anticipated to occur much more quickly than if they have to await confirmation of the Local 8

25     Plan.

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1

**CONCLUSION**

2   WHEREFORE, Local 8 respectfully requests that this Court enter an order, substantially

3   in the form attached hereto as <u>Exhibit B</u> (a) affirming the adequacy of the notice given herein,

4   (b) approving the proposed Settlement Agreement, (c) authorizing the Parties to take all steps

5   necessary to implement the Proposed Settlement Agreement, and (d) granting any further relief

6   that this Court deems necessary or appropriate.

7   Dated this 13th day of March, 2024.

8                                   SUSSMAN SHANK LLP

9                                       */s/ Susan S. Ford*
                                    By _____
10                                       Susan S. Ford, OSB No. 842203
                                         Attorneys for Debtor
11

12

13

14

15

16

17

18

19

20

21

22
    26933-001 (04438799)
23

24

25

26


**Page 7 of 7** - MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN
DEBTOR AND ICTSI OREGON, INC.

# MUTUAL RELEASE AGREEMENT

This Mutual Release Agreement ("Agreement") is entered into as of February __, 2024, by and among International Longshore and Warehouse Union Local 8 ("Local 8"), on the one hand, and ICTSI Oregon, Inc. ("ICTSI"), on the other hand. Local 8 and ICTSI are referred to in this Agreement collectively as the "Parties" and each is a "Party" to this Agreement.

## RECITALS

A.      On June 13, 2012, the International Longshore and Warehouse Union ("ILWU") and Pacific Maritime Association filed a complaint against ICTSI, alleging that ICTSI was not in compliance with the Pacific Coast Longshore and Clerks' Agreement, and ICTSI thereafter asserted counterclaims against ILWU and Local 8 alleging violations of Section 303 of the Labor-Management Relations Act, in an action pending in the United States District Court for the District of Oregon (the "Oregon Court") under the caption *ICTSI Oregon, Inc. v. International Longshore and Warehouse Union*, Case No. 3:12-cv-1058-SI (the "ICTSI Litigation").

B.      In the ICTSI Litigation, ICTSI asserted a counterclaim against ILWU and Local 8 seeking damages for alleged unfair labor practices, including work stoppages and slowdowns at the Port of Portland terminal.

C.      On June 20, 2018, the Oregon Court approved the dismissal of ILWU and Pacific Maritime Association's claims against ICTSI with prejudice.

D.      In November 2019, a jury trial verdict was reached against ILWU and Local 8, finding that ILWU and Local 8 caused damages to ICTSI of $93,635,000.

E.      On March 5, 2020, the Oregon Court issued an *Opinion and Order*, finding that the maximum damages supported by the weight of the evidence admitted by the Oregon Court during the two-week trial was $19,061,248 and ordering that ICTSI decide by March 19, 2020, whether it would accept the reduced amount of damages, or retry the amount of damages.

F.      ICTSI rejected the Oregon Court's reduced damages amount and a new trial on damages was scheduled to begin in February 2024.

G.      On September 30, 2023, ILWU filed a voluntary petition under subchapter V of chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California docketed as *In re International Longshore and Warehouse Union*, Case No. 23-30662 (HLB) (the "ILWU Bankruptcy Case").

H.      On October 18, 2023, Local 8 filed a voluntary petition under subchapter V of chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Oregon (the "Oregon Bankruptcy Court") docketed as *In re Local 8, International Longshoremen's and Warehousemen's Union*, Case No. 23-32366-pcm11 (the "Local 8 Bankruptcy Case" and together with the ILWU Bankruptcy Case, the "Bankruptcy Cases").

I.      The ICTSI Litigation was stayed as a result of the filing of the ILWU and Local 8 Bankruptcy Cases.

J.      On December 21, 2023, ICTSI filed a proof of claim in the Local 8 Bankruptcy Case, asserting a claim for damages and pre-judgment interest related to the claims asserted in the ICTSI Litigation, docketed in the Local 8 Bankruptcy Case as Claim No. 3-1 (the "ICTSI Proof of Claim").

K.      On January 16, 2024, Local 8 filed its *Debtor's Plan of Reorganization for a Small Business Debtor Under Chapter 11 Dated 1/16/2024* [Docket No. 77] (the "Local 8 Plan").

L.      Absent the settlement set forth herein, ICTSI intends to oppose the Local 8 Plan.

M.      ICTSI, ILWU, ILWU Coast Longshore Division ("CLD"), and Pacific Longshoremen's Memorial Association, Inc. ("PLMA") have entered into that certain *Settlement Agreement* (the "ILWU/CLD/PLMA Settlement Agreement"), pursuant to which the parties thereto have resolved the ICTSI Litigation and the ILWU Bankruptcy Case.

N.      Without admitting the validity of the other Party's position or any liability of Local 8, which liability Local 8 expressly denies, the Parties desire to resolve all disputes between them without further expense and litigation in accordance with the terms and conditions set forth in this Agreement (the "Settlement").

## AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual covenants of the Parties to be faithfully performed, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each of the Parties, intending to be legally bound, agrees as follows:

## 1.      DEFINITIONS

In addition to the terms defined above and elsewhere in this Agreement, as used in this Agreement:

   1.1      "Effective Date" means the later of (1) the date on which an order approving this Agreement has become a Final Order and (2) the effective date of ILWU/CLD/PLMA Settlement Agreement.  For the avoidance of doubt, the effectiveness of the ILWU/CLD/PLMA Settlement Agreement is a condition precedent to the effectiveness of this Agreement.

   1.2      "Final Order" means an order of the Oregon Bankruptcy Court, the Oregon Court, or any other court having jurisdiction that remains in effect and has not been reversed, withdrawn, vacated, or stayed and as to which the time to appeal or seek review, rehearing, or writ of certiorari has expired or, if such appeal or review has been taken, it has been resolved and no longer remains pending.

## 2.      TERMS

   **2.1      Dismissal with Prejudice of ICTSI Litigation.** On the Effective Date, ICTSI shall provide Local 8 with an executed Request for Dismissal in the form of Exhibit 1 to

this Agreement dismissing the ICTSI Litigation with prejudice with respect to Local 8, each Party to bear its own costs and fees.

**2.2     Covenant Not to Use Discovery Materials.** Each Party covenants not to use or disclose to any other person or entity for any purpose, and to cause its employees, attorneys, and anyone else to whom such Party has granted access to Discovery Material (as defined herein), not to use or disclose to any other person or entity for any purpose, any non-publicly available discovery produced or otherwise generated in connection with the ICTSI Litigation or the Local 8 Bankruptcy Case, including, but not limited to, deposition transcripts, documents, and expert reports (the "<u>Discovery Material</u>"), including, but not limited to, any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Discovery Material, without the prior written consent of the other Parties. For the avoidance of doubt, nothing in this Section 2.2 shall limit, abridge, or waive the rights and obligations of any Party, or the protections with respect to any Discovery Material, granted or imposed pursuant to any protective order entered in the ICTSI Litigation or the Local 8 Bankruptcy Case. Notwithstanding the foregoing, nothing in this Section 2.2 shall restrict any Party from using or disclosing Discovery Material that such Party produced (*e.g.*, such Party's audited financial statements).

# 3.     RELEASES

**3.1     Local 8 Releasors' General Release.** Effective as of the Effective Date, Local 8 on behalf of itself, and each of its respective past, present, and future representatives, employees, officers, committees, attorneys, insurers, agents, partners, heirs, legatees, executors, administrators, successors-in-interest, and assignees, as well as the predecessors and successors to each of the foregoing, both individually and collectively (the "<u>Local 8 Releasors</u>"), hereby fully and forever RELEASE, ACQUIT, and DISCHARGE ICTSI and its past, present, and future representatives, employees, shareholders, officers, directors, subsidiaries, affiliates, divisions, parent companies, attorneys, insurers, agents, partners, heirs, legatees, executors, administrators, successors-in-interest, indemnitees, joint tortfeasors, and assignees, as well as the predecessors and successors to each of the foregoing, both individually and collectively (the "<u>ICTSI Releasees</u>"), from and for any and all rights, claims, controversies, damages, expenses, costs, obligations, causes of action, counterclaims, cross-claims, rights of set-off and recoupment, suits, debts, sums of money, accounts, torts, breaches of duty, covenants, contracts, agreements, promises, judgments, executions, demands and liabilities of any nature whatsoever, in law or otherwise, whether known or unknown, that have ever existed, that now exist, or that may exist in the future, from the beginning of the world until the end of time that are based upon, related to, arising out of, or in any way connected to the Bankruptcy Cases, the ICTSI Litigation, the facts asserted or alleged or that could have been asserted or alleged in the ICTSI Litigation, or the ICTSI Proof of Claim.

**3.2     ICTSI Releasors' General Release.** Effective as of the Effective Date, ICTSI, on behalf of itself, and each of its past, present, and future representatives, employees,

shareholders, officers, directors, subsidiaries, divisions, parent companies, attorneys, insurers, agents, partners, heirs, legatees, executors, administrators, successors-in-interest, and assignees, as well as the predecessors and successors to each of the foregoing, both individually and collectively (the "<u>ICTSI Releasors</u>"), hereby fully and forever RELEASE, ACQUIT, and DISCHARGE Local 8 and its past, present, and future representatives, employees, officers, committees, affiliates, members, attorneys, insurers, agents, successors-in-interest, indemnitees, joint tortfeasors, and assignees, as well as the predecessors and successors to each of the foregoing, both individually and collectively (the "<u>Local 8 Releasees</u>"), from and for any and all rights, claims, controversies, damages, expenses, costs, obligations, causes of action, counterclaims, cross-claims, rights of set-off and recoupment, suits, debts, sums of money, accounts, torts, breaches of duty, covenants, contracts, agreements, promises, judgments, executions, demands and liabilities of any nature whatsoever, in law or otherwise, whether known or unknown, that have ever existed, that now exist, or that may exist in the future, from the beginning of the world until the end of time that are based upon, related to, arising out of, or in any way connected to the Bankruptcy Cases, the ICTSI Litigation, the facts asserted or alleged or that could have been asserted or alleged in the ICTSI Litigation, or the ICTSI Proof of Claim.

**3.3** **Waiver of California Civil Code Section 1542 and Similar Laws**. It is understood and agreed by the parties that all rights under section 1542 of the California Civil Code, or any similar law of any state or territory of the United States, ARE HEREBY EXPRESSLY WAIVED. Section 1542 states: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." Local 8 on behalf of itself and each of the Local 8 Releasors, and ICTSI, on behalf of itself and the ICTSI Releasors, hereby acknowledges that it has had the opportunity to consult with legal counsel before agreeing to the terms of this Release, and that it fully understands its meaning including the meaning and effect of the provisions relating to section 1542 of the California Civil Code.

# 4. REPRESENTATIONS, WARRANTIES AND COVENANTS

**4.1** **Representations, Warranties and Covenants of the Parties.** Each of the Parties represent and warrant that they (i) hold and control and have not assigned or transferred to any other entity or person any of the rights and claims which are being released, altered or otherwise affected by this Agreement; and (ii) have all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by them of this Agreement, subject only in the case of Local 8 to the approval of the the Oregon Bankruptcy Court. The Parties further agree that the Settlement is a settlement of contested liabilities and is made in good faith.

## 5. BANKRUPTCY COURT APPROVAL

**5.1     Approval.** This Agreement is subject to and conditioned upon approval by the Oregon Bankruptcy Court in the Local 8 Bankruptcy Case.

**5.2     Best Efforts**. The Parties agree to support the entry of an order approving this Agreement. The Parties further agree not to appeal the entry of such order or to take any steps that would delay such order becoming a Final Order or cause any other person or entity to object to or otherwise oppose the approval of this Agreement.

**5.3     Professional Fees.** ICTSI shall not oppose or take any actions, or cause any other person or entity to oppose or take any actions to oppose any application for compensation filed by Local 8's professionals to be paid by Local 8 in the Oregon Bankruptcy Case.

## 6. NON-DISPARAGEMENT AND JOINT PRESS RELEASE

**6.1     Mutual Non-Disparagement**.  In consideration of the mutual covenants of the Parties in this Agreement, and other good and valuable consideration, (a) each of ICTSI and, by its signature below, ICTSI Parent, agrees and covenants that it shall not issue any written or oral statement (including through electronic mail distribution or online social media) that is disparaging, deleterious, or damaging to the integrity, reputation, or goodwill of Local 8 or its respective management, officers, members, or employees, each in their capacity as such, from and after the date hereof until the sixth anniversary of the Effective Date, and (b) Local 8 agrees and covenants that it shall not: issue any written or oral statement (including through electronic mail distribution or online social media) that is disparaging, deleterious, or damaging to the integrity, reputation, or goodwill of one or more of ICTSI or ICTSI Parent, or their respective management, officers, members, or employees, each in their capacity as such, from and after the date hereof until the sixth anniversary of the Effective Date.  Notwithstanding the foregoing, the provisions of this non-disparagement clause shall not restrict any Party from (x) making truthful disclosures to any government entity or in any litigation or arbitration; (y) complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation or order; or (z) truthfully reporting the facts of the ICTSI Litigation, the Local 8 Bankruptcy Case or the Agreement, including, without limitation, to their executive bodies as may be required by the constitutions and bylaws of any of the Parties. The Parties recognize that each Party is limited in its ability to control any individual who is not a signatory to this agreement.  Accordingly, (aa) ICTSI and ICTSI Parent agree that the only persons whose statements may be attributed to Local 8 for purposes of the covenant contained in this Section 6.1 shall be Local 8's then current Titled Officers, attorneys, and public relations employees, and (bb) Local 8 agrees that the only persons whose statements may be attributed to ICTSI or ICTSI Parent for purposes of the covenant contained in this Section 6.1 shall be the then current members of ICTSI's or ICTSI Parent's respective Board of Directors and their then

current executive officers and ICTSI's and ICTSI Parent's attorneys and public relations employees. For purposes of this Section 6.1, "<u>Titled Officers</u>" shall mean the President, Vice President, Secretary-Treasurer, Business Agents (in their capacity as such), and Labor Relations Committee members (in their capacity as such).

7.     **MISCELLANEOUS**

7.1     **Entire Agreement, Amendments, and Waivers**. This Agreement constitutes and contains the entire agreement between the Parties and supersedes any and all prior negotiations, conversations, correspondence, and understandings respecting the Settlement. This Agreement may be amended or modified or one or more provisions hereof waived only by a written instrument signed by the Parties. No delay or omission by any Party in exercising any right or power arising from any default by the other Party shall be construed as a waiver of such default, nor shall any single or partial exercise thereof preclude any further exercise thereof or the exercise of any other right or power arising from any default by a Party. No waiver of any breach of any covenant or other condition shall be construed to be a waiver of or consent to any previous or subsequent breach of the same or of any other covenant or condition.

7.2     **Captions**. The captions to this Agreement are for convenience only and are to be of no force or effect in construing and interpreting the provisions of this Agreement.

7.3     **Jurisdiction, Governing Law**. This Agreement is made and entered into in the State of Oregon and shall, in all respects, be interpreted, enforced and governed by the laws of the State of Oregon, without regard to choice of law principles. The Parties further agree that any dispute arising out of this Agreement shall be adjudicated by a Court of competent jurisdiction.

7.4     **Notices**. Any notice required or permitted under this Agreement shall be given in writing and shall be sent to the following Parties via electronic mail with a copy sent by overnight mail or hand delivery:

To Local 8:

International Longshore & Warehouse Union, Local 8
2435 NW Front Avenue
Portland, OR 97209
secretary@ilwu8.org

with a copy to:

Susan Ford
Joshua Flood
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205
sford@sussmanshank.com
jflood@sussmanshank.com

To ICTSI:

Elvis Ganda
Chief Executive Officer
ICTSI Oregon, Inc.
5665 Meadows Road, Suite 110
Lake Oswego, OR 97035
eganda@ictsiusa.com

with a copy to:

Ori Katz
Jennifer Nassiri
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
okatz@sheppardmullin.com
jnassiri@sheppardmullin.com

Jeffrey Eden
Michael Garone
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Ave., Suite 1900
Portland, OR 97204
jeden@schwabe.com
mgarone@schwabe.com

7.5     **No Party Deemed Drafter**. The Parties shall jointly be deemed to be the drafters of this Agreement; the rule that any ambiguity in a contract shall be construed against the drafter of the contract shall not apply to this Agreement.

7.6     **Voluntary Settlement**. The Parties acknowledge and agree that each of them is entering into this Agreement freely and voluntarily and not acting under any misapprehension as to the effect hereof, and has acted and does hereby act freely and voluntarily and not under any coercion or duress.

7.7     **No Mistake of Fact or Law**. In entering into this Agreement, each Party assumes the risk of any mistake, and if it should subsequently discover that any

understanding of the facts or of the law was incorrect, each Party understands and expressly agrees that it shall not be entitled to set aside this Agreement by reason thereof, regardless of any mistake of fact or law.

**7.8** **Survival**. All covenants, agreements, representations, and warranties made in this Agreement will survive the execution and delivery hereof.

**7.9** **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which constitute one and the same instrument. Any such counterpart, to the extent delivered by means of e-mail or a fax machine or by .pdf, .tif, .jpeg, or similar attachment to electronic mail ("**Electronic Delivery**") shall be treated in all manner and respects as an original executed counterpart and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person. No Party shall raise the use of Electronic Delivery as a defense to the formation of a contract, and each Party forever waives such defense, except to the extent that such defense relates to the lack of authenticity.

**7.10** **Taxes.** The Parties hereby agree that the Agreement is a settlement of various claims and objections to claims that have been or could be asserted by the Parties in the Local 8 Bankruptcy Case and was made in good faith.

**7.11** **Limitations.** Notwithstanding the Releases referred to in Section 3 herein, nothing in this Agreement, including but not limited to the Releases, shall release any Party from its obligations under this Agreement or prevent any Party from taking action to enforce the terms of this Agreement.

**7.12** **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. If any provision (or part of any provision) of this Agreement is found invalid, illegal or unenforceable, the rest of the Agreement shall remain in effect and shall be construed as if any such invalid, illegal, or unenforceable provision (or part of a provision) were excluded from the Agreement.

**7.13** **Binding Effect.** This Agreement and the terms, obligations, and rights in it shall be binding upon and shall inure to the benefit of the Parties and their respective parent companies, subsidiaries, heirs, legatees, trustees, affiliates, successors, and assigns.

*Remainder of Page Left Intentionally Blank*

IN WITNESS WHEREOF the Parties have caused this Agreement to be executed on the respective dates hereinafter set forth.

**ILWU LOCAL 8**

By: _____

Its: _____SECRETARY / TREASURER_____

Date: _____02|23|2024_____

**ICTSI OREGON, INC.**

By: _____
Its: _____

Date: _____

**ACKNOWLEDGED AND AGREED TO SOLELY FOR PURPOSES OF SECTION 6.1 HEREOF (MUTUAL NON-DISPARAGEMENT) AND AS TO THE EFFECTIVENESS OF THE RELEASE GRANTED BY ICTSI ON BEHALF OF ICTSI PARENT IN SECTIONS 3.2 AND 3.3 HEREOF (ICTSI RELEASORS' GENERAL RELEASE):**

**INTERNATIONAL CONTAINER TERMINAL SERVICES, INC.**

By: _____
Its: _____

Date: _____

IN WITNESS WHEREOF the Parties have caused this Agreement to be executed on the respective dates hereinafter set forth.

**ILWU LOCAL 8**

By:_____
Its: _____

Date: _____

**ICTSI OREGON, INC.**

By:_____
Its: _____CEO_____

Date: __2/14/2024_____

**ACKNOWLEDGED AND AGREED TO SOLELY FOR PURPOSES OF SECTION 6.1 HEREOF (MUTUAL NON-DISPARAGEMENT) AND AS TO THE EFFECTIVENESS OF THE RELEASE GRANTED BY ICTSI ON BEHALF OF ICTSI PARENT IN SECTIONS 3.2 AND 3.3 HEREOF (ICTSI RELEASORS' GENERAL RELEASE):**

**INTERNATIONAL CONTAINER TERMINAL SERVICES, INC.**

By:_____
Its: _____

Date: _____

IN WITNESS WHEREOF the Parties have caused this Agreement to be executed on the respective dates hereinafter set forth.

**ILWU LOCAL 8**

By:_____

Its: _____

Date: _____

**ICTSI OREGON, INC.**

By:_____

Its: _____

Date: _____

**ACKNOWLEDGED AND AGREED TO SOLELY FOR PURPOSES OF SECTION 6.1 HEREOF (MUTUAL NON-DISPARAGEMENT) AND AS TO THE EFFECTIVENESS OF THE RELEASE GRANTED BY ICTSI ON BEHALF OF ICTSI PARENT IN SECTIONS 3.2 AND 3.3 HEREOF (ICTSI RELEASORS' GENERAL RELEASE):**

**INTERNATIONAL CONTAINER TERMINAL SERVICES, INC.**

By: Christian Martin R. Gonzalez

Its: Executive Vice President

Date: FEB 16 2024

**Exhibit 1**

**Form of Request for Dismissal with Prejudice**

Julie R. Vacura, OSB #843692
jvacura@lvklaw.com
John C. Rake, OSB #105808
jrake@lvklaw.com
Brett Applegate, OSB #132944
bapplegate@lvklaw.com
Kelsey Benedick, OSB #173038
kbenedick@lvklaw.com
Tania Manners, OSB #140363
tmanners@lvklaw.com
Hopi Costello Ruplin, OSB #185940
hruplin@lvklaw.com
Larkins Vacura Kayser LLP
121 SW Morrison St, Suite 700
Portland, OR 97204
Telephone: (503) 222-4424
Fax: (503) 827-7600

*Attorneys for International Longshore
and Warehouse Union and ILWU Local 8*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| ICTSI OREGON, INC., | Case No. 3:12-cv-01058-SI |
| Plaintiff, | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| v. | |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and ILWU LOCAL 8, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and the settlement between Plaintiff ICTSI

Oregon, Inc. and Defendant ILWU Local 8 (together, the "Parties"), the Parties stipulate to dismiss

STIPULATION OF DISMISSAL WITH PREJUDICE                                        Page 1

all claims with prejudice, with each Party to bear its own attorney fees and costs.

DATED: _____, 2024.     LARKINS VACURA KAYSER LLP

_____
Julie R. Vacura, OSB #843692
John C. Rake, OSB #105808
Brett Applegate, OSB #132944
Kelsey Benedick, OSB #173038
Tania Manners, OSB #140363
Hopi Costello Ruplin, OSB #185940

*Attorneys for International Longshore and Warehouse Union and ILWU Local 8*

DATED: _____, 2024.     SCHWABE, WILLIAMSON & WYATT

_____
Jeffrey S. Eden, OSB #851903
jeden@schwabe.com
Michael T. Garone, OSB #802341
mgarone@schwabe.com
Andrew J. Lee, OSB #023646
ajlee@schwabe.com
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981
Facsimile: (503) 796-2900

Amanda T. Gamblin, OSB #021361
Email: amanda@gamblin-law.com
AMANDA T GAMBLIN, ATTORNEY AT LAW LLC
4004 SE Francis Street
Portland, OR 97202
Telephone: (503) 329-1858

STIPULATION OF DISMISSAL WITH PREJUDICE                    Page 2

Exhibit A
Page 14 of 14
                Case 23-32366-pcm11     Doc 94     Filed 03/15/24
                                                                        Exhibit 1 to Mutual Release
                                                                        Page 2 of 2

2

3

4

5

6

7

8

9

10          IN THE UNITED STATES BANKRUPTCY COURT

11                          DISTRICT OF OREGON

12    In re                                    )    Case No. 23-32366-pcm11
                                               )
13    Local 8, International Longshoremen's and )    ORDER GRANTING MOTION TO
      Warehousemen's Union,                     )    APPROVE COMPROMISE AND
14                                              )    SETTLEMENT BETWEEN DEBTOR AND
                     Debtor.                    )    ICTSI OREGON, INC.
15                                              )
                                               )
16    _____)

17          This matter having come before the Court pursuant to the Motion to Approve Compromise

18    and Settlement Between Debtor and ICTSI Oregon, Inc. [Docket No. ____] (the "Motion"),[1] and

19    the Court having reviewed the Motion and the Court's files herein; and the Court having

20    jurisdiction and authority over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A); and

21    the Court finding that notice of the Motion and the hearing thereon were good and proper under

22    the circumstances; and the Court finding good cause exists to grant the relief requested in the

23    Motion.

24          //

25    _____

26    [1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
      terms in the Motion.

**Page 1 of 2**  - ORDER GRANTING MOTION TO APPROVE COMPROMISE AND
SETTLEMENT BETWEEN DEBTOR AND ICTSI OREGON, INC.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    Now, therefore, it is hereby

2    ORDERED:

3        1.      The Motion is GRANTED;

4        2.      The Settlement Agreement entitled "Mutual Release Agreement," executed by the

5    Parties attached to the Motion as Exhibit A is approved;

6        3.      All objections to the Motion or the requested relief therein, if any, that have not

7    been waived, withdrawn, or settled, and all reservations of rights included therein, are overruled;

8        4.      The Parties are authorized to enter into the Settlement Agreement and take all steps

9    necessary and proper to implement and effectuate the Settlement Agreement; and

10       5.      The Court shall retain jurisdiction over all matters arising from or related to the

11   interpretation and implementation of this Order.

12                                            ###

13       <u>CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)</u>

14       I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

15   PRESENTED BY:

16   SUSSMAN SHANK LLP

17       */s/ Susan S. Ford*
     By _____
18   Susan S. Ford, OSB No. 842203
     Attorneys for Debtor
19

20

21

22   26933-002 (04434947)

23

24

25

26

**Page 2 of 2**  - ORDER GRANTING MOTION TO APPROVE COMPROMISE AND
SETTLEMENT BETWEEN DEBTOR AND ICTSI OREGON, INC.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I, Janine E. Hume declare as follows: |
| 3 | I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen |
| 4 | years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, |
| 5 | Portland, Oregon 97205-3089, in said county and state. |
| 6 | I certify that on March 15, 2024, I served, **via first class mail**, a full and correct copy of |
| 7 | the foregoing **MOTION TO APPROVE COMPROMISE AND SETTLEMENT** |
| 8 | **BETWEEN DEBTOR AND ICTSI OREGON, INC.**, to the parties of record, addressed as |
| 9 | follows, and on the parties on the attached matrix: |

Barnard Iglitzin & Lavitt LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119

Ori Katz
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109

James G Murphy
3803 136th St. N.E.
Marysville, WA 98271

Jennifer Nassiri
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055

Peterson & Associates PS
14201 NE 20th Ave. Suite B-101
Vancouver, WA 98686

| | |
|---|---|
| 20 | I also certify that on March 15, 2024, I served the above-referenced document(s) on all |
| 21 | ECF participants as indicated on the Court's Cm/ECF system. |
| 22 | I swear under penalty of perjury that the foregoing is true and correct to the best of my |
| 23 | knowledge, information, and belief. |
| 24 | Dated: March 15, 2024. |
| 25 | */s/ Janine E. Hume* |
| 26 | _____<br>Janine E. Hume, Legal Assistant |

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 94    Filed 03/15/24

Label Matrix for local noticing
0979-3
Case 23-32366-pcm11
District of Oregon
Portland
Fri Mar 15 10:43:40 PDT 2024

ABC Fire Extinguisher Inc.
4848 NE 102nd Avenue
Portland, OR 97220-3340

ALSCO
PO Box 17337
Portland, OR 97217-0337

AT&T
PO Box 6463
Carol Stream, IL 60197-6463

American Bankers Insuarnce
Company - Flood Insurance
PO Box731178
Dallas, TX 75373-1178

American Bankers Insurance
Company
PO Box 731178
Dallas, TX 75373-1178

Arrow Sanitary Service
PO Box 7428
Pasadena, CA 91109-7428

Arrow Sanitary Service
PO Box 74280
Pasadena, CA 91109-7428

Ash Grove Cement Company
Attn: Plant Manager
13939 N Rivergate Blvd
Portland, OR 97203-6608

Barnard Iglitzin & Lavitt LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119-3971

Basic Fire Protection Inc.
8135 NE MLK Blvd.
Portland, OR 97211-1339

Centric Elevator Corporation
2855 SE 9th Avenue
Portland, OR 97202-2508

(p)CITY OF PORTLAND
OFFICE OF CITY ATTORNEY
RM 430
1221 SW 4TH AVE
PORTLAND OR 97204-1991

City of Portland
Police Alarm
PO Box 5599
Portland, OR 97228-5599

Clark County, Washington
Attn: Human Resources
PO Box 5000
Vancouver, WA 98666-5000

Coast Longshore Division
1188 Franklin Street
San Francisco, CA 94109-6800

Columbia River Pensioners
Memorial Assoc
2435 NW Front Avenue
Portland, OR 97209-1825

Comcast Business
PO Box 376091
Philadelphia, PA 19101-0601

Comcast Cable
PO Box 34744
Seattle, WA 98124-1744

JOSHUA GALLAGHER FLOOD
Sussman Shank LLP
1000 SW Broadway
Suite 1400
Portland, OR 97205-3089

SUSAN S FORD
1000 SW Broadway #1400
Portland, OR 97205-3066

First Choice Coffee Service
313 SE Yamhill
Portland, OR 97214-2199

AMANDA T GAMBLIN
Amanda T Gamblin, Attorney at Law
4004 SE Francis St
Porltand, OR 97202-3104

MICHAEL T GARONE
Schwabe, Williamson & Wyatt
1211 SW Fifth Avenue
Suite 1900
Portland, OR 97204-3719

GoToMyPC
851 W Cypress Creek Rd
Fort Lauderdale, FL 33309-2009

I.L.W.U.
1188 Franklin Street
San Francisco, CA 94109-6800

I.L.W.U.
1188 Franklin Street 4th Floor
San Francisco, CA 94109-6800

ICTSI Oregon, Inc.
1211 SW 5th Ave, Suite 1900
Portland, OR 97204-3719

IRS
PO Box 7346
Philadelphia PA 19101-7346

International Raw Materials, L
600 Chestnut St Ste 800
Philadelphia, PA 19106-3413

Intuit
PO Box 34328
Seattle, WA 98124-1328

Johnson Controls Security
System
PO Box 371967
Pittsburg, PA 15250-7967

Johnson Controls Security
System
PO Box 371967
Pittsburgh, PA 15250-7967

ORI KATZ
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109

DANIEL KUBITZ
Schwabe, Williamson & Wyatt PC
1211 SW 5th Ave
Ste #1900
Portland, OR 97204-3719

Lifeready 360
3597 E Monarch
Sky Ln #200
Meridian, ID 83646-1055

Local 11 Health Funds
PO Box 515199
Los Angeles, CA 90051-5199

Local 8, International Longshoremen's a
2435 NW Front Ave
Portland, OR 97209-1825

MC Landscaping LLC
12065 SW Gault
Beaverton, OR 97008-7936

Michael Garone
Schwabe, Williamson & Wyatt PC
1211 SW 5th Ave.
Portland, OR 97204-3795

Michael T. Garone
Schwabe Williamson & Wyatt, PC
1211 SW 5th Avenue
Portland, OR 97204-3795

Amy E Mitchell
POB 2289
Lake Oswego, OR 97035-0074

James G Murphy
3803 136th St. N.E.
Marysville, WA 98271-7816

N.W. Natural Gas
250 SW Taylor St.
Portland, OR 97204-3038

JENNIFER NASSIRI
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055

Norhtwest Industrial Business
Association
1125 Madison Suite 112
Portland, OR 97214-3600

OPEIU Local 11
3815 Columbia Street
Vancouver, WA 98660-1967

Oregon Area District Council
2435 NW Front Avenue
Portland, OR 97209-1825

Oregon Department of Revenue
Box 14800
Salem, OR 97309-0920

Oregon Mutual Group
PO Box 3900
Portland, OR 97208-3900

Pacific Maritime Association
EE Welfare
PO Box 45322
San Francisco, CA 94145-0322

Pacific Maritime Association
Pay Directs
PO Box 740849
Los Angeles, CA 90074-0849

Pavelcomm
1640 NW 14th Avenue
Portland, OR 97209-2502

Pavelcomm, Inc.
1640 N.W. 14th Ave
Portland, OR 97209-2502

Peterson & Associates PS
14201 NE 20th Ave. Suite B-101
Vancouver, WA 98686-6412

Peterson & Associates PS
7917 NE Hazel Dell Ave
Vancouver, WA 98665-8226

Portand Joint Labor Relations
Committee
555  Market Street, 3rd Floor
San Francisco, CA 94105-5801

Portland General Electric
7895 SW Mohawk St
Tualatin OR 97062-9192

Portland General Electric
PO Box 4438
Portland, OR 97208-4438

Portland Police Alarm Administration
PO Box 1867
Portland, OR 97207-1867

LAWRENCE R REAM
Schwabe, Williamson & Wyatt P.C.
1420 Fifth Avenue
Ste 3400
Seattle, WA 98101-2339

Republic Services #472
PO Box 78829
Phoenix, AZ 85062-8829

SAIF Corporation
400 High St
Salem, OR 97312-1000

SAIF Corporation
400 High Street ST
Salem, OR 97312-1000

THOMAS W STILLEY
1000 SW BROADWAY #1400
PORTLAND, OR 97205-3066

Servicemaster
PO Box 1213
Clackamas, OR 97015-1213

Sierra Springs
PO Box 660579
Dallas, TX 75266-0579

Sprague
PO Box 2222
Tacoma, WA 98401-2222

Stat Pads LLC
13897 W. Wainwright
Boise, ID 83713-5011

Superior Underwriters
2002 156TH AVENUE NE, #201
Bellevue, WA 98007-3828

CHRISTIAN A. TORIMINO
DOJ-Ust
1220 SW 3rd Ave.
Room 315
Portland, OR 97204-2829

Tax Collector
Multnomah County
PO Box 2716
Portland, OR 97208-2716

Trotter & Morton Facility
29755 SW Boones Ferry Road
Wilsonville, OR 97070-7202

Trotter & Morton Facility
Service
29755 SW Boons Ferry Road
Wilsonville, OR 97070-7202

US Bank Equipment Finance
PO Box 790448
Saint Louis, MO 63179-0448

US Trustee, Portland
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204-2829

Unions-America
PO Box 100
Battleground, WA 98604-0100

Unions-America.com
PO Box 3101
Clackamas, OR 97015-3101

United States Treasury
PO Box 932100
Louisville, KY 40293-2100

Western States OPEIU
Pension Fund, PMB #116
5331 S. Macadam Avenue, Ste 258
Portland, OR 97239-3871

Western States OPEIU Pension
Fund
Unit 10, PO Box 4800
Portland, OR 97208-4800

Western States OPEIU Pension
c/o BeneSys, Inc. PMB116
5331 SW Macadam Ave. Ste. 258
Portland, OR 97239-3871

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Portland
PO Box 4216
Portland, OR 97208

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)ICTSI Oregon, Inc.

End of Label Matrix
Mailable recipients    81
Bypassed recipients     1
Total                  82