Susan S. Ford, OSB No. 842203
Thomas W. Stilley, OSB No. 883167
Joshua G. Flood, OSB No. 223085
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: sford@sussmanshank.com
tstilley@sussmanshank.com
jflood@sussmanshank.com

Attorneys for Debtor and Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Local 8, International Longshoremen's and Warehousemen's Union,<br><br>Debtor. | Case No. 23-32366-pcm11<br><br>DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF |

## MOTION

Debtor Local 8, International Longshoremen's and Warehousemen's Union ("Debtor" or "Local 8") through its counsel of record, hereby files this motion (the "Motion") to dismiss this Chapter 11 Case pursuant to Sections 305(a) and 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, Local 8 respectfully states as follows:

## JURISDICTION & VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are Sections 305(a) and 1112(b) of the Bankruptcy Code.

Page 1 of 6 - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

# BACKGROUND

Local 8 has resolved its decade-long litigation with ICTSI Oregon, Inc. ("ICTSI") on the terms set forth in a Mutual Release Agreement (the "Settlement Agreement").[1] As a result of the settlement, assuming it is approved by the Court, the Debtor no longer requires the protections provided by the Bankruptcy Code, and respectfully submits that dismissal is appropriate and in the best interests of the Local 8, the bankruptcy estate, and Local 8's creditors.

As a result of the Settlement Agreement, neither the Debtor nor its creditors stand to benefit from pursuing proceedings regarding confirmation of the Debtor's Plan of Reorganization for a Small Business Under Chapter 11 Dated 1/16/2024 [ECF No. 77] (the "Plan"), currently set for hearing on May 15, 2024 at 9:30 a.m. [ECF No. 80]. ICTSI, the creditor entitled to receive the majority of payments under the proposed Plan, has agreed to the Motion to Approve Settlement based upon the consideration provided in the Mutual Release Agreement between the parties. The remaining creditors will be paid outside of the bankruptcy. As such, requiring the Debtor to continue the Plan approval process will not provide any benefit to creditors and will result in increased professional fees in connection with confirmation of the Plan. There are no adversary proceedings in this Chapter 11 Case, either pending or contemplated, that would be adversely impacted by a dismissal.

The Debtor proposes that the Court retain jurisdiction notwithstanding the proposed dismissal of the case for the purpose of considering all fee applications filed by the Debtor's professionals and the Subchapter V Trustee in this case.

Dismissal is an efficient resolution of this Chapter 11 Case. It will provide a quick and cost-effective exit and prevent further diminution of estate assets. If the Chapter 11 case remains pending, the Debtor will continue to incur additional administrative expenses for no meaningful purpose.

---

[1] The Settlement Agreement is subject to the Court's approval. Local 8 has filed a motion to approve the Settlement Agreement concurrently with this Motion.

Page 2 of 6 - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

As the Court is aware, this bankruptcy stemmed from the ICTSI Litigation.[2] The ICTSI Litigation commenced in June 2012 when the ILWU and Pacific Maritime Association filed a complaint against ICTSI alleging that ICTSI was not in compliance with the collective bargaining agreement covering ILWU longshore workers on the West Coast. ICTSI thereafter asserted counterclaims against ILWU and Local 8 seeking damages for alleged unlawful labor practices. In November 2019, a jury trial verdict was reached against the Debtor and ILWU for $93,635,000.

On March 5, 2020, the Oregon Court found the maximum damages supported by the weight of the evidence admitted by the Oregon Court during the two-week trial was $19,061,248, and ordered ICTSI to decide by March 19, 2020, whether it would accept that reduced amount of damages, or retry the amount of damages. After ICTSI rejected the reduced damages amount, a new trial on damages was scheduled to begin late February 2024, but has since been stayed by the commencement of the Chapter 11 cases of the Debtor and ILWU. The Parties were facing a new trial on damages at the time of the filing of this bankruptcy on October 18, 2023 (the "Petition Date").

Since the Petition Date, Debtor has remained in possession of its property and continued to operate and manage itself as a debtor in possession pursuant to Section 1184 of the Bankruptcy Code.

As set forth in the Plan's liquidation analysis, the value of the Debtor's assets is approximately $300,000.[3] Other than its cash on hand, the Debtor is not aware of any other material estate assets. As such, the Debtor does not expect that the value of its estate will materially increase by any method.

Three proofs of claim have been filed against the estate. Other than the ICTSI Proof of

---

[2] Proceeding in the United States District Court for the District of Oregon under the caption *ICTSI Oregon, Inc. v. International Longshore and Warehouse Union*, Case No. 3:12-cv-1058-SI.

[3] Debtor understands that ICTSI supports approval of the Motion, but disagrees with several of the facts, statements, and conclusions contained herein. Rather than describing those disagreements, the Parties have agreed that, if the Settlement Agreement is not approved and the Parties must return to litigation, nothing stated by the Debtor in this Motion shall prejudice ICTSI in any way.

Page 3 of 6  - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

Claim which is being resolved by the Settlement Agreement (subject to Court approval), the rights of all creditors of the Local 8 will be reinstated on dismissal of this case. ICTSI's Proof of Claim No. 3 filed on December 21, 2023 in the amount of $209,172,004 is based on an unliquidated damages claim and pre-judgment interest related to claims asserted in the ICTSI Litigation which are being resolved in connection with the Settlement Agreement.

**LEGAL ARGUMENT**

I. **The Court May Dismiss The Bankruptcy Case Without Cause**

Section 305(a)(1) of the Bankruptcy Code provides that "[t]he court, after notice and a hearing, may dismiss a case under this title . . . at any time if – (1) the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305(a)(1). No "cause" is required for the dismissal of a case under Section 305(a) of the Bankruptcy Code. One must only show that both creditors and the debtor will benefit from and be better served by a dismissal. *See Eastman v. Eastman (In re Eastman)*, 188 B.R. 621, 624–26 (B.A.P. 9th Cir. 1995). As described below, dismissal is clearly in the best interest of the Debtor and its creditors in this Chapter 11 Case.

II. **Alternatively, the Court May Dismiss the Bankruptcy Case for Cause**

Section 1112(b) of the Bankruptcy Code allows a court to dismiss a case for cause. This section provides in relevant part that:

> [T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Bankruptcy courts have broad discretion to determine whether cause exists, and once it is found, the court must then dismiss the case, convert the case to Chapter 7, or appoint a trustee or examiner. *See, e.g., In re Products Int'l Co.*, 395 B.R. 101, 107 (Bankr. D. Ariz. 2008); *In re YBA Nineteen, LLC*, 505 B.R. 289, 302 (S.D. Cal. 2014); *In re Bronson*, No. AZ-12-1320, 2013 WL 2350791 4652, at *22–23 (B.A.P. 9th Cir. May 29, 2013).

Page 4 of 6 - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

Section 1112(b)(4) of the Bankruptcy Code sets forth a list of examples of "cause;" however, this list is not exhaustive, and "the court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) (quoting H.R. No. 95-595, 95th Cong., 1st Sess. 405-06 (1977)), *aff'd,* 264 F.3d 803 (9th Cir. 2001). Courts have found cause to exist for dismissal when the primary purpose of the bankruptcy case has been achieved. *See, e.g.*, *In re MELP, Ltd.*, 143 B.R. 890, 893 (Bankr. E.D. Mo. 1992) ("In this case, MELP came into bankruptcy court seeking the protection of the automatic stay to enable it to reorder its affairs and make peace with its creditors. This purpose has been successfully achieved."), *rev'd on other grounds*, 179 B.R. 636 (E.D. Mo. 1995).

Here, the primary purpose of the Local 8 bankruptcy has been achieved. From the beginning of this Chapter 11 Case, the Debtor announced its intent to address the litigation with ICTSI and the associated liability. If the Settlement Agreement is approved, the ICTSI claims will have been resolved, the Debtor's potential liabilities to ICTSI will have been released, and the Debtor will have no causes of action to prosecute. Accordingly, the Debtor has nothing to gain by remaining in Chapter 11 any longer.

Moreover, any avenue other than dismissal would involve a significant drain of financial resources that would harm the Debtor and offer its creditors no benefit. Requiring the Debtor to continue to prosecute the Plan, with the attendant administrative tasks that would be associated with seeking approval of the Plan, will only generate unnecessary expenses to the detriment of the Debtor's estate. If the Chapter 11 Case is dismissed, the rights of creditors will be reinstated without waiting for confirmation of the Plan.

Courts have recognized that dismissals, and in particular structured dismissals, are appropriate and in the best interests of creditors in similar circumstances. *See, e.g.*, *In re Buffet Partners, L.P.*, No. 14-30699, 2014 WL 3735804, at *7-8 (Bankr. N.D. Tex. July 28, 2014) (approving a dismissal where other options of conversion or plan confirmation "would add

Page 5 of 6 - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

significant and unnecessary time and expense," noting that "there is not much in the way of assets left to be administered" and that the "the economic value of the Debtor in this case will be served by dismissing the case, rather than converting it"); *In re Old PXPRT, Inc., f/k/a PopExpert, Inc.*, No. 16-30390-HLB (Bankr. N.D. Cal., Order entered Dec. 13, 2016) (Blumenstiel, J.) (dismissing case following approval of settlement); *In re Donald Chidi Amamgbo*, No. 22-41051-CN (Bankr. N.D. Cal. Order entered May 12, 2023) (dismissal of a subchapter V case following approval of settlement); *In re William M. Lansdale*, 8:09-bk-22982-ES (Bankr. C.D. Cal., Order entered Mar. 4, 2010) (Smith, J.) (dismissing the case following settlement). Local 8 respectfully requests that this Court follow suit and enter the proposed form of order dismissing the Chapter 11 Case following approval of the Settlement Agreement, so that the economic value of the Debtor's estate can be preserved for the benefit of creditors to the maximum extent possible.

**CONCLUSION**

WHEREFORE, Local 8 respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) affirming the adequacy of the notice given herein; (b) granting the Motion; (c) dismissing the Chapter 11 Case; and (d) any further relief that this Court deems necessary or appropriate.

Dated this 13th day of March, 2024.

        SUSSMAN SHANK LLP

        By */s/ Susan S. Ford*
            Susan S. Ford, OSB No. 842203
            Attorneys for Debtor

26933-001 (04438934)

**Page 6 of 6** - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Local 8, International Longshoremen's and Warehousemen's Union,<br><br>Debtor. | Case No. 23-32366-pcm11<br><br>ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF |

This matter having come before the Court pursuant to the Debtor's Motion to Dismiss Chapter 11 Case and for Related Relief [Docket No. ___] (the "Motion"),[1] and the Court having reviewed the Motion and the Court's files herein; and the Court having jurisdiction and authority over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court finding that notice of the Motion and the hearing thereon were good and proper under the circumstances; and the Court finding good cause exists to grant the relief requested in the Motion. Now, therefore, it is hereby

ORDERED:

1. The Motion is GRANTED;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Page 1 of 2** - ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

2. Pursuant to Sections 305(a) and 1112(b) of the Bankruptcy Code, this bankruptcy case is dismissed;

3. All objections to the Motion or the requested relief therein, if any, that have not been waived, withdrawn, or settled, and all reservations of rights included therein, are overruled;

4. Notwithstanding the dismissal of this case, the Court shall retain jurisdiction for the purpose of ruling on any fee applications filed by Debtor's professionals and the Subchapter V Trustee, which shall be filed on or before thirty calendar days after the entry of this Order; and

5. The Court shall also retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

###

CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/ Susan S. Ford*
By _____
Susan S. Ford, OSB No. 842203
Attorneys for Debtor

26933-002 (04438940)

Page 2 of 2 - ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF

Exhibit A
Page 2 of 2

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

# CERTIFICATE OF SERVICE

I, Janine E. Hume declare as follows:

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

I certify that on March 15, 2024, I served, **via first class mail**, a full and correct copy of the foregoing **DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF**, to the parties of record, addressed as follows and <u>on the parties on the attached matrix</u>:

Barnard Iglitzin & Lavitt LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119

Ori Katz
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109

James G Murphy
3803 136th St. N.E.
Marysville, WA 98271

Jennifer Nassiri
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055

Peterson & Associates PS
14201 NE 20th Ave. Suite B-101
Vancouver, WA 98686

I also certify that on March 15, 2024, I served the above-referenced document(s) on all ECF participants as indicated on the Court's Cm/ECF system.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 15, 2024.

*/s/ Janine E. Hume*

Janine E. Hume, Legal Assistant

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-32366-pcm11    Doc 95    Filed 03/15/24

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0979-3<br>Case 23-32366-pcm11<br>District of Oregon<br>Portland<br>Fri Mar 15 10:43:40 PDT 2024 | ABC Fire Extinguisher Inc.<br>4848 NE 102nd Avenue<br>Portland, OR 97220-3340 | ALSCO<br>PO Box 17337<br>Portland, OR 97217-0337 |
| AT&T<br>PO Box 6463<br>Carol Stream, IL 60197-6463 | American Bankers Insuarnce<br>Company - Flood Insurance<br>PO Box731178<br>Dallas, TX 75373-1178 | American Bankers Insurance<br>Company<br>PO Box 731178<br>Dallas, TX 75373-1178 |
| Arrow Sanitary Service<br>PO Box 7428<br>Pasadena, CA 91109-7428 | Arrow Sanitary Service<br>PO Box 74280<br>Pasadena, CA 91109-7428 | Ash Grove Cement Company<br>Attn: Plant Manager<br>13939 N Rivergate Blvd<br>Portland, OR 97203-6608 |
| Barnard Iglitzin & Lavitt LLP<br>18 West Mercer Street, Suite 400<br>Seattle, WA 98119-3971 | Basic Fire Protection Inc.<br>8135 NE MLK Blvd.<br>Portland, OR 97211-1339 | Centric Elevator Corporation<br>2855 SE 9th Avenue<br>Portland, OR 97202-2508 |
| (p)CITY OF PORTLAND<br>OFFICE OF CITY ATTORNEY<br>RM 430<br>1221 SW 4TH AVE<br>PORTLAND OR 97204-1991 | City of Portland<br>Police Alarm<br>PO Box 5599<br>Portland, OR 97228-5599 | Clark County, Washington<br>Attn: Human Resources<br>PO Box 5000<br>Vancouver, WA 98666-5000 |
| Coast Longshore Division<br>1188 Franklin Street<br>San Francisco, CA 94109-6800 | Columbia River Pensioners<br>Memorial Assoc<br>2435 NW Front Avenue<br>Portland, OR 97209-1825 | Comcast Business<br>PO Box 376091<br>Philadelphia, PA 19101-0601 |
| Comcast Cable<br>PO Box 34744<br>Seattle, WA 98124-1744 | JOSHUA GALLAGHER FLOOD<br>Sussman Shank LLP<br>1000 SW Broadway<br>Suite 1400<br>Portland, OR 97205-3089 | SUSAN S FORD<br>1000 SW Broadway #1400<br>Portland, OR 97205-3066 |
| First Choice Coffee Service<br>313 SE Yamhill<br>Portland, OR 97214-2199 | AMANDA T GAMBLIN<br>Amanda T Gamblin, Attorney at Law<br>4004 SE Francis St<br>Porltand, OR 97202-3104 | MICHAEL T GARONE<br>Schwabe, Williamson & Wyatt<br>1211 SW Fifth Avenue<br>Suite 1900<br>Portland, OR 97204-3719 |
| GoToMyPC<br>851 W Cypress Creek Rd<br>Fort Lauderdale, FL 33309-2009 | I.L.W.U.<br>1188 Franklin Street<br>San Francisco, CA 94109-6800 | I.L.W.U.<br>1188 Franklin Street 4th Floor<br>San Francisco, CA 94109-6800 |
| ICTSI Oregon, Inc.<br>1211 SW 5th Ave, Suite 1900<br>Portland, OR 97204-3719 | IRS<br>PO Box 7346<br>Philadelphia PA 19101-7346 | International Raw Materials, L<br>600 Chestnut St Ste 800<br>Philadelphia, PA 19106-3413 |

| | | |
|---|---|---|
| Intuit<br>PO Box 34328<br>Seattle, WA 98124-1328 | Johnson Controls Security System<br>PO Box 371967<br>Pittsburg, PA 15250-7967 | Johnson Controls Security System<br>PO Box 371967<br>Pittsburgh, PA 15250-7967 |
| ORI KATZ<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4109 | DANIEL KUBITZ<br>Schwabe, Williamson & Wyatt PC<br>1211 SW 5th Ave<br>Ste #1900<br>Portland, OR 97204-3719 | Lifeready 360<br>3597 E Monarch<br>Sky Ln #200<br>Meridian, ID 83646-1055 |
| Local 11 Health Funds<br>PO Box 515199<br>Los Angeles, CA 90051-5199 | Local 8, International Longshoremen's a<br>2435 NW Front Ave<br>Portland, OR 97209-1825 | MC Landscaping LLC<br>12065 SW Gault<br>Beaverton, OR 97008-7936 |
| Michael Garone<br>Schwabe, Williamson & Wyatt PC<br>1211 SW 5th Ave.<br>Portland, OR 97204-3795 | Michael T. Garone<br>Schwabe Williamson & Wyatt, PC<br>1211 SW 5th Avenue<br>Portland, OR 97204-3795 | Amy E Mitchell<br>POB 2289<br>Lake Oswego, OR 97035-0074 |
| James G Murphy<br>3803 136th St. N.E.<br>Marysville, WA 98271-7816 | N.W. Natural Gas<br>250 SW Taylor St.<br>Portland, OR 97204-3038 | JENNIFER NASSIRI<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067-6055 |
| Norhtwest Industrial Business Association<br>1125 Madison Suite 112<br>Portland, OR 97214-3600 | OPEIU Local 11<br>3815 Columbia Street<br>Vancouver, WA 98660-1967 | Oregon Area District Council<br>2435 NW Front Avenue<br>Portland, OR 97209-1825 |
| Oregon Department of Revenue<br>Box 14800<br>Salem, OR 97309-0920 | Oregon Mutual Group<br>PO Box 3900<br>Portland, OR 97208-3900 | Pacific Maritime Association<br>EE Welfare<br>PO Box 45322<br>San Francisco, CA 94145-0322 |
| Pacific Maritime Association<br>Pay Directs<br>PO Box 740849<br>Los Angeles, CA 90074-0849 | Pavelcomm<br>1640 NW 14th Avenue<br>Portland, OR 97209-2502 | Pavelcomm, Inc.<br>1640 N.W. 14th Ave<br>Portland, OR 97209-2502 |
| Peterson & Associates PS<br>14201 NE 20th Ave. Suite B-101<br>Vancouver, WA 98686-6412 | Peterson & Associates PS<br>7917 NE Hazel Dell Ave<br>Vancouver, WA 98665-8226 | Portand Joint Labor Relations Committee<br>555 Market Street, 3rd Floor<br>San Francisco, CA 94105-5801 |
| Portland General Electric<br>7895 SW Mohawk St<br>Tualatin OR 97062-9192 | Portland General Electric<br>PO Box 4438<br>Portland, OR 97208-4438 | Portland Police Alarm Administration<br>PO Box 1867<br>Portland, OR 97207-1867 |

| | | |
|---|---|---|
| LAWRENCE R REAM<br>Schwabe, Williamson & Wyatt P.C.<br>1420 Fifth Avenue<br>Ste 3400<br>Seattle, WA 98101-2339 | Republic Services #472<br>PO Box 78829<br>Phoenix, AZ 85062-8829 | SAIF Corporation<br>400 High St<br>Salem, OR 97312-1000 |
| SAIF Corporation<br>400 High Street ST<br>Salem, OR 97312-1000 | THOMAS W STILLEY<br>1000 SW BROADWAY #1400<br>PORTLAND, OR 97205-3066 | Servicemaster<br>PO Box 1213<br>Clackamas, OR 97015-1213 |
| Sierra Springs<br>PO Box 660579<br>Dallas, TX 75266-0579 | Sprague<br>PO Box 2222<br>Tacoma, WA 98401-2222 | Stat Pads LLC<br>13897 W. Wainwright<br>Boise, ID 83713-5011 |
| Superior Underwriters<br>2002 156TH AVENUE NE, #201<br>Bellevue, WA 98007-3828 | CHRISTIAN A. TORIMINO<br>DOJ-Ust<br>1220 SW 3rd Ave.<br>Room 315<br>Portland, OR 97204-2829 | Tax Collector<br>Multnomah County<br>PO Box 2716<br>Portland, OR 97208-2716 |
| Trotter & Morton Facility<br>29755 SW Boones Ferry Road<br>Wilsonville, OR 97070-7202 | Trotter & Morton Facility<br>Service<br>29755 SW Boons Ferry Road<br>Wilsonville, OR 97070-7202 | US Bank Equipment Finance<br>PO Box 790448<br>Saint Louis, MO 63179-0448 |
| US Trustee, Portland<br>1220 SW 3rd Ave., Rm. 315<br>Portland, OR 97204-2829 | Unions-America<br>PO Box 100<br>Battleground, WA 98604-0100 | Unions-America.com<br>PO Box 3101<br>Clackamas, OR 97015-3101 |
| United States Treasury<br>PO Box 932100<br>Louisville, KY 40293-2100 | Western States OPEIU<br>Pension Fund, PMB #116<br>5331 S. Macadam Avenue, Ste 258<br>Portland, OR 97239-3871 | Western States OPEIU Pension<br>Fund<br>Unit 10, PO Box 4800<br>Portland, OR 97208-4800 |
| Western States OPEIU Pension<br>c/o BeneSys, Inc. PMB116<br>5331 SW Macadam Ave. Ste. 258<br>Portland, OR 97239-3871 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Portland
PO Box 4216
Portland, OR 97208

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)ICTSI Oregon, Inc.    End of Label Matrix
                         Mailable recipients    81
                         Bypassed recipients     1
                         Total                  82